STATE, *ex rel.* DANIEL H. TREZEVANT, v. J. R. McLEOD, as Sheriff of Hillsborough County, Florida.

170 So. 735.

Division B.

Opinion Filed November 18, 1936.

*Edwin L. Bryan* and *Zewadski & Pierce,* for Petitioner; *Gibbons & Gibbons,* for Respondent.

DAVIS, J.—We hold that the order of commitment is void for indefiniteness and that the petitioner should be discharged.

Under Section 4162 C. G. L., 2535 R. G. S., a refusal to obey any legal order, mandate or decree given by a Circuit Judge either in term time or in vacation relative to any business of the Court, after due notice thereof, is punishable as a contempt.

In the case now before us the Circuit Judge, after proper notice to defendant, found him guilty of refusal to abide by an order of the Circuit Court requiring him to pay alimony and thereupon ordered him to be committed to jail for his contempt until he complies with the order of the Court, or until the further order of the Court.

The question arising in habeas corpus brought to challenge the commitment order, is whether or not the order can be enforced, in view of its indefiniteness as to the terms of imprisonment for which the condemned is to be committed.

Under the most respectable authority on contempt that we have been able to find, a "process" contempt commitment for refusing to obey an order of court must be based on an affirmative finding that it is within the power of the defendant to obey the order and such finding must be made to appear on the face of the order of commitment, else it is void. *Ex Parte* Cohen, 6 Cal. 318; Repalje on Contempt,

par. 129. The order here involved is not an order of that nature.

The contempt order issued in this case appears to be predicated solely on a finding of past non-compliance with the court's order, and not on any present failure to comply therewith, although able so to do. Therefore, the contempt being in its nature a punishment for what the defendant has heretofore done, is void because it specified no definite term of imprisonment. People, *ex rel.* Hinckley, v. Pirfenbrink, 96 Ill. 68; *Ex Parte* Alexander, 2 Am. Law. Reg. 44; Whitten v. State, 36 Ind. 196; *In re:* Hammel, 9 R. I. 248; Yates v. People, 6 Johns (N. Y.) 337.

Petitioner discharged without prejudice to further appropriate procedure in the Court below.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.