138 So.2d 802 (1962)
Rose SCHOENTHAL, Appellant,
v.
Sylvan SCHOENTHAL, Appellee.
No. 61-539.
District Court of Appeal of Florida. Third District.
March 19, 1962.
Kovner & Mannheimer, Miami Beach, for appellant.
Zemel, Kaufman & Zemel, Miami Beach, for appellee.
Before PEARSON, TILLMAN, C.J., and HORTON and HENDRY, JJ.
PEARSON, TILLMAN, Chief Judge.
The appellant and the appellee were divorced by a decree which provided in part:
"6. The parties are each hereby restrained and enjoined from removing any personal property from the home of the parties at 12785 Maple Road, Keystone Island No. 3, North Miami, Florida, until further order of this Court. The Court specifically grants defendant leave to remove personal belongings, other than furniture or fixtures, from the home of the parties. The Court further grants defendant leave to remove his boat, located presently at the home of the parties, from that home, for the purpose of providing proper maintenance for said boat.
"7. The Court retains jurisdiction of this cause for the purpose of enforcing the terms of this decree."
The real property described had been held by the parties as an estate by the entireties and after the decree was held by them as tenants in common under the provisions of § 689.15, Fla. Stat., F.S.A. Thereafter the chancellor, upon petition of the defendant-husband, modified the final decree by granting the defendant the right to reside on the real property until further order of the court or until such time as the property might be sold by the parties.
The defendant next filed a petition for a rule to show cause why the plaintiff-wife *803 should not be adjudicated in contempt. This petition alleged:
"1. That on January 28, 1960, this Honorable Court entered an order granting the defendant the right to reside in the home owned by the parties, without interference by the plaintiff, until further order of this Court.
"That notwithstanding the above provisions of the order supplementing final decree, the plaintiff, on or about Sunday, April 31, 1961, without leave of the defendant and in the absence of the defendant, removed or caused to be removed all the furniture from the residence located at 12785 Maple Road, Keystone Island No. 3, North Miami, Florida."
A rule was duly entered, and although the record is silent we must presume served because the court thereafter on May 17, 1961, adjudged the appellant, Rose Schoenthal, in contempt of court for violation of the terms of the final decree. In its order adjudging her guilty of contempt the court further ordered:
"That the plaintiff, Rose I. Schoenthal, within a period of twenty (20) days from the date hereof, return or cause to be returned to the premises at 12785 Maple Road, Keystone Island No. 3, North Miami, Florida, all items of personal property reflected in the inventory of February 3, 1960, marked `Defendant's Exhibit No. 2', and that these items shall be returned at no expense to the defendant. On failure of the plaintiff to comply with this order of the Court, the Court will transfer all of her right, title and interest in the real property located at 12785 Maple Road, Keystone Island No. 3, North Miami, Florida, to the defendant, Sylvan H. Schoenthal."
The appellee then filed an affidavit stating that the appellant had "* * * failed in every respect to comply with the order of this court dated the 17th day of May, 1961." Thereupon the court entered the following order which is now appealed:
"This cause having come on to be considered by the Court upon application of the defendant, the court having heard argument of counsel for the respective parties and being satisfied that the plaintiff has failed to comply with the Order Adjudging Plaintiff in Contempt, dated the 17th day of May, 1961, and the Court being satisfied that the Plaintiff has in all respects failed to purge herself from said Order Adjudging her in Contempt.
"It is, therefore, Ordered, Adjudged and Decreed that all of the right, title and interest of Rose I. Schoenthal, in and to the following described real property:
"12785 Maple Road, Keystone Island No. 3, North Miami, Florida, more particularly described as
"Lot 11, Block 10 of Keystone Island No. 3, Dade County, Florida, according to the Plat thereof as recorded in Plat Book 60 at Page 57 of the Public Records of Dade County, Florida, be and the same is hereby transferred to Sylvan H. Schoenthal."
The sole question presented is whether the chancellor may punish one in contempt by the transfer of real property from that party in a suit to another where no attempt has been made to relate the amount of compensation, if any, to be awarded to the value of the property involved. We think that the general rule is that he cannot. South Dade Farms v. Peters, Fla. 1956, 88 So.2d 891. That case sets forth the law of Florida to be that in an appropriate civil contempt case the court may coerce performance of a required act by imprisonment or, in the event that the violation of the decree has resulted in damage to the injured party, the court may assess a compensatory fine to the extent of the damage suffered to be paid to the party injured by the wrongdoing party.
*804 By definition a compensatory fine is one which has a relationship to the loss suffered. The record before us compels the conclusion that the transfer of title to the real property was not a compensatory fine since no evidence was taken as to the value of the appellee's interest in the furnishings or of appellant's interest in the real property.
Accordingly, the order dated June 16, 1961, and recorded in Chancery Order Book 1524 at page 357, transferring the right, title and interest to the real property described, is reversed and this cause is remanded for further proceedings in accordance with this opinion.
Reversed and remanded.