PER CURIAM.
This is an interlocutory appeal from an order adjudging appellant to be in contempt of court for failure to pay certain alimony and child support payments due under the terms of a final judgment of dissolution of marriage. The order sentenced appellant to a term of imprisonment and provided that appellant could purge himself (speaking generally) by paying the sums of money already accrued and past due and by paying the sums to become due in the future.
We affirm in part and reverse in part with these comments:
A. Appellant being in default, the burden of proving his inability to comply and that his failure was not willful rests upon appellant. Garo v. Garo, 327 So.2d 845 (Fla.App. 4th (1976)).
B. While the order of presentation was confused, the cause for this lay at appellant’s door. It is our opinion from the record that appellant had adequate opportunity to present his testimony and position. Further, the record supports the appealed adjudication of contempt.
C. Without detailing, we disagree with the Court’s action which required appellant to pay sums not yet due, as it is erroneous to require a person to pay amounts not yet due in order to purge himself of contempt. We reverse only that part of the order which requires as a condition of appellant’s purging himself that he pay sums coming due in the future. See Hilson v. Hilson, 145 So.2d 557 (Fla.App. 3rd 1962).
Affirmed in part and reversed in part and remanded for further proceedings consistent herewith.
AFFIRMED IN PART AND REVERSED IN PART.
WALDEN, C. J., DOWNEY, J., and McCAULEY, JAMES A., Associate Judge, concur.