339 So.2d 650 (1976)
Richard L.K. FAIRCLOTH, Petitioner,
v.
Barbara Hall FAIRCLOTH, Respondent.
No. 48368.
Supreme Court of Florida.
November 18, 1976.
John S. Winnie of Winnie, Winnie & Uhrig, Gainesville, for petitioner.
Peter Enwall of Enwall & Silverman, Gainesville, for respondent.
ROBERTS, Justice.
We have for review by petition for certiorari granted the decision of the District Court of Appeal, First District, in Faircloth v. Faircloth, reported at 321 So.2d 87 (Fla. App. 1, 1975), which conflicts with this Court's decision in State ex rel. Trezevant v. McLeod, 126 Fla. 229, 170 So. 735 (1936), and the decision of the District Court of Appeal, Third District, in Ratner v. Ratner, 297 So.2d 344 (Fla.App. 3, 1974), thereby vesting jurisdiction in this Court pursuant to Article V, Section 3(b)(3), Florida Constitution.
The final judgment of dissolution of marriage between respondent and petitioner ordered that petitioner pay monthly child support of $200, one-half of the mortgage payments, taxes and assessments on the marital home, and provide maintenance thereof, that he pay lump sum alimony in the amount of $2,070.79 over an 18-month period together with attorney's fees of $1,500 to be paid in 12 monthly installments. Upon appeal, this final judgment was affirmed.
Subsequently, a petition and motion for adjudging petitioner in contempt of court for failure to abide by the final judgment of marriage dissolution was filed. Contempt hearing was held on September 30, 1975 (22 1/2 months after final judgment of dissolution) at which evidence was adduced showing that none of the lump sum alimony had been paid nor had appellant made any contribution toward the mortgage, taxes, assessments or maintenance of the marital home; that petitioner was $930 in arrears in child support payments and had paid nothing on attorney's fees; that petitioner conveyed his undivided one-half interest in *651 the marital home to a third person putting it beyond reach for satisfying his obligations under the final judgment. Furthermore, appellant had made no attempt to secure modification of the final judgment.
The trial court entered an order adjudging petitioner to be in contempt and stated in pertinent part:
"1. Respondent, Richard L.K. Faircloth, is in willful contempt of this Court for his failure to abide by the Final Judgment of Marriage Dissolution in that he is in arrears in certain financial obligations pursuant to that Final Judgment in excess of Four Thousand Three Hundred Dollars ($4,300.00).
"2. This Court, therefore, finds the Respondent in said willful contempt; and as punishment therefore, sentences him to the full term and period of five (5) months and twenty-nine (29) days in the Alachua County Adult Detention Center; PROVIDED, HOWEVER, commitment shall be withheld for ten (10) days and the Respondent may continue at liberty and PROVIDED, FURTHER, that he may purge himself at any time of said contempt by paying the said sum of $4,300.00." (Emphasis supplied.)
The judgment of contempt was appealed to the District Court. Inter alia, petitioner therein argued that the trial court erred in finding him in contempt without making an express finding that petitioner had the present ability to pay the $4,300 required. The District Court affirmed relative to the issues raised on certiorari to this Court and found:
"Appellant has cited no authority and we know of none requiring appointment of counsel for an indigent charged with civil contempt... .
"Appellant next contends that a contempt commitment for failure to obey a court order must reveal on its face an affirmative finding that the contemnor had the ability to obey the order or that his inability was brought upon himself due to his own fault. He states that the court made no evidentiary finding regarding his ability to pay, ignored his assertions that he had no money or assets, and ignored his offer to bring in financial records. Appellee contends that once she established the arrearage, it then became appellant's burden to prove that he was unable to pay through circumstances beyond his control (citing Naster v. Naster, Fla., 163 So.2d 264); that appellant's bare assertions that he was unable to pay were insufficient; that while appellant offered to produce financial records, he did not bring any to the hearing and produced no evidence to substantiate his claims. We agree.
* * * * * *
"In the case sub judice, although the record may not show that appellant has the present ability to immediately pay the full amount of the arrearage, the final judgment, which was appealed and affirmed, stands inviolate that he had the ability to comply with its requirements at the time it was entered. In addition, he has made no evidentiary showing of a subsequent inability to comply with it nor has he shown that any inability which he may have had was not caused by his own neglect or misconduct. To the contrary, the record shows otherwise  that he disposed of his 1/2 interest in the marital home."
We disagree with the District Court of Appeal, First District, insofar as it has determined that the trial court may forgo an express finding that petitioner had the present ability to comply with the order of the trial court. We hold a trial judge must make an affirmative finding that either (1) the petitioner presently has the ability to comply with the order and willfully refuses to do so, or (2) that the petitioner previously had the ability to comply, but divested himself of that ability through his fault or neglect designed to frustrate the intent and purpose of the order.
This Court expressly stated in State ex rel. Trezevant v. McLeod, supra, as follows:
"Under the most respectable authority on contempt that we have been able to find, a `process' contempt commitment for refusing to obey an order of court *652 must be based on an affirmative finding that it is within the power of the defendant to obey the order, and such finding must be made to appear on the face of the order of commitment, else it is void. Ex parte Cohen, 6 Cal. 318; Repalje on Contempt, par. 129. The order here involved is not an order of that nature."
In Ratner v. Ratner, 297 So.2d 344 (Fla. App. 3, 1974), relying on this Court's decision in Trezvant, supra, the District Court of Appeal, Third District, explicated:
"It is well established that a contempt order for refusing to obey an order of the court must be based on an affirmative finding that it is within the power of the defendant to obey the order and such finding must be made to appear on the face of the order of commitment, else it is void. State ex rel. Trezevant v. McLeod, 126 Fla. 229, 170 So. 735 (1936). No such finding of financial ability of the appellant to pay appears on the face of the order in the case sub judice and thus, it is void."
We approve the following logic and reasoning of Judge Smith in his cogent dissent to the decision here under review concerning the burden of proof and intentional or neglectful acts by the defaulting party to avoid compliance with the court order:
"We do not imprison for debt. Art. I, § 11, Fla. Const. Therefore, a finding that the debtor ordered to pay is able to pay and willfully refuses to do so is the touchstone of the proceeding: the essential fact, found to be a fact, which validates the process. Without that finding, aberrant judicial power might soon punish for debt alone, and that without the benefit of specific criminal charges, the assistance of counsel, trial by jury or other benefits of due process in a criminal case. The absence of such a finding, therefore, should not be easily tolerated. That there was evidence in the record on which the chancellor might have predicated such a finding does not supply the finding itself. If we are to abstain from appellate trials in deference to the chancellor's superior ability to find the facts, we must insist, at least in these cases, that his findings be made explicit.
"This is not to say that it was the chancellor's responsibility, or Ms. Faircloth's, to cast about for evidence that the defaulting Mr. Faircloth secretly has funds which he on oath declares he does not have. The burden is upon the party in default to prove not only that he is unable to comply with the court's present order to pay but also that his present inability is due not to his fault or neglect but rather to circumstances beyond his control which intervened since the final decree ordering him to pay. Yandell v. Yandell, 160 Fla. 164, 33 So.2d 869 (Fla. 1948); Orr v. Orr, 141 Fla. 112, 192 So. 466 (1939); Naster v. Naster, 151 So.2d 313 (Fla.App. 2nd, 1963); cert. disch. 163 So.2d 264 (Fla. 1964). This burden of proof is cast upon him not by mere presumption of law, which vanishes upon the introduction of any evidence to the contrary [Locke v. Stuart, 113 So.2d 402 (Fla. App. 1st 1959); Leonetti v. Boone, 74 So.2d 551 (Fla. 1954)], but by the court's decree which created the obligation to pay. That decree, long since final and therefore invulnerable, is itself a finding that, as of the moment of its entry, Mr. Faircloth had the ability to make the required payments. Orr v. Orr, 141 Fla. 112, 192 So. 466 (1939). As against such a decree, he will not be heard to say that he could not comply when the decree was entered. (emphasis supplied.)
"Upon the affected party's failure to discharge his burden of proving that he is disabled to pay by reason of intervening factors not due to his own neglect or fault, the chancellor may find as a fact that he continues to be able to pay, as was originally decreed, or that any disability was self-induced. And on that finding the chancellor may order the defaulting party to pay or be imprisoned for his contemptuous refusal to do so."
Having considered the other points raised by petitioner relative to appointment of counsel, we find them to be without merit.
*653 For the reasons expressed the decision of the District Court is quashed and the cause remanded with directions to remand to the trial court to make such affirmative finding of ability if supported by the record or otherwise vacate the order of contempt.
It is so ordered.
OVERTON, C.J., and BOYD, ENGLAND and SUNDBERG, JJ., concur.