357 So.2d 264 (1978)
S. Charles ADAMS, Appellant,
v.
Ann Shepherdson ADAMS, Appellee.
Nos. 77-806, 77-628.
District Court of Appeal of Florida, Third District.
April 11, 1978.
*265 Di Giulian, Spellacy & Bernstein and John B. DiChiara, Ft. Lauderdale, for appellant.
Sinclair, Louis, Siegel & Heath and John L. Zavertnik, Miami, for appellee.
Before HENDRY, BARKDULL and KEHOE, JJ.
KEHOE, Judge.
Appellant, petitioner below, and former husband of appellee, appeals an order dated December 21, 1976, entered by the trial court modifying a final judgment of dissolution of marriage entered in the cause on July 10, 1973. Appellant also appeals an order dated March 28, 1977, committing him for contempt, for failure to pay appellee $4,400 in arrearages for child support, and awarding appellee attorney's fees.
After hearing oral argument, reviewing the record, and considering the briefs of the parties on appeal, we are convinced that the entry of the order by the trial court, modifying the final judgment, was within its sound judicial discretion; therefore, the order is affirmed.
However, the commitment order is defective. The order fails to comply with the requirement that such an order include an affirmative finding that either the former husband presently had the ability to comply with the order, and willfully refused to do so, or that he previously had the ability to comply, but divested himself of that ability to frustrate the intent and purpose of the order. See Faircloth v. Faircloth, 339 So.2d 650 (Fla. 1976), and Epstein v. Epstein, 354 So.2d 398 (Fla. 3d DCA 1977). Further, appellant has failed to demonstrate any reversible error in the trial court's award of attorney's fees to appellee at the contempt proceedings; accordingly, that portion of the order is affirmed.
The order of commitment is reversed and the cause is remanded to the trial court with directions to make the required affirmative finding of ability, if supported by the record, or, otherwise, to vacate the commitment order.
Affirmed in part; reversed in part and remanded.