376 So.2d 466 (1979)
Frank HAMMOND, Petitioner,
v.
Jack SANDSTROM, Director, Dade County Jail, Respondent.
No. 79-1939.
District Court of Appeal of Florida, Third District.
November 6, 1979.
Sinclair, Louis, Siegel & Heath and Paul A. Louis and Ted H. Bartelstone, Miami, as amicus curiae for petitioner.
Janet Reno, State's Atty. and Ira N. Loewy, Asst. State's Atty., for respondent.
Before HENDRY, HUBBART and SCHWARTZ, JJ.
SCHWARTZ, Judge.
Hammond has brought this petition for writ of habeas corpus, seeking release from his confinement upon a Circuit Court order committing him to the Dade County jail for 60 days, after he had, in an earlier order, been found guilty of contempt for failure to make child support payments required by *467 the final judgment of dissolution. We grant the petition.
In our view, the papers upon which the petitioner was sent to jail do not support his incarceration in at least two particulars:
(1) Although the order holding the petitioner in contempt adopted a finding by the general master that Hammond had previously been able to comply with the judgment, but had divested himself of the ability to do so, it did not make the further, and indispensable, finding that the divestment had taken place "through his fault or neglect designed to frustrate the intent and purpose of the order." Faircloth v. Faircloth, 339 So.2d 650, 651 (Fla. 1976). Since there was neither such a determination nor one that the alleged contemnor presently has the ability to pay but willfully refuses to do so, the imprisonment for contempt may not be sustained.[1]Faircloth v. Faircloth, supra; State ex rel. Trezevant v. McLeod, 126 Fla. 229, 170 So. 735 (1936); Murphy v. Murphy, 370 So.2d 403, 409 (Fla. 3d DCA 1979); Adams v. Adams, 357 So.2d 264 (Fla. 3d DCA 1978).
(2) While the order of contempt provided that Hammond could purge himself by making his child-support payments,[2] the order of commitment did not. It is well-settled that
"It is necessary that an order imprisoning for civil contempt provide that the contemnor may purge himself by the performance of the act ordered. In Re S.L.T., Fla.App. 1965, 180 So.2d 374." [e.s.]
Spencer v. Spencer, 311 So.2d 822, 824 (Fla. 3d DCA 1975). In order for the contemnor truly to "carry the key to his prison in his own pocket," see Demetree v. State ex rel. Marsh, 89 So.2d 498 (Fla. 1956), it is required that the order which authorizes his imprisonment, in this case, the order of commitment, itself show the means by which that key can be utilized. It is hardly appropriate to compel his jailer to investigate the contents of prior orders in the case in order to determine that the prisoner, by having purged himself of contempt, has become entitled to release.
Since each of these defects renders the proceedings below void on their face and thus subject to review by habeas corpus, see State ex rel. Trezevant v. McLeod, supra; Demetree v. State ex rel. Marsh, supra; State ex rel. Pipia v. Buchanan, 168 So.2d 783 (Fla. 3d DCA 1964); State ex rel. Byrd v. Anderson, 168 So.2d 554 (Fla. 1st DCA 1964); 15 Fla.Jur. Habeas Corpus § 71 (1957); the petition is granted and the petitioner ordered discharged forthwith.[3]
Petition for habeas corpus granted.[4]
NOTES
[1] Since the requisite findings do not appear in any order of the court, we need not directly decide in this case whether it is indispensable that such findings separately appear on the face of an order of commitment, in addition to the order of contempt. It is obvious, however, that this is the preferable practice. See State ex rel. Trezevant v. McLeod, supra; Adams v. Adams, supra.
[2] Even this order was in part erroneous since it improperly conditioned the contemnor's ability to purge himself upon his making future support payments (as well as those past-due ones for the non-payment of which he was held in contempt). See Roberts v. Roberts, 328 So.2d 461 (Fla. 4th DCA 1976); Hilson v. Hilson, 145 So.2d 557 (Fla. 3d DCA 1962).
[3] This relief is of course granted without prejudice to any further and appropriate proceedings in the Dade County Circuit Court. Avery v. Sinclair, 153 Fla. 767, 15 So.2d 846 (1943); State ex rel. Trezevant v. McLeod, supra, at 170 So. 734.
[4] The court expresses its appreciation to the firm of Sinclair. Louis, Siegel and Heath which, at our request, appeared as amicus curiae and ably presented argument on behalf of the petitioner.