PER CURIAM.
Petitioner was the personal representative of the Estate of Mary A. Walsh, deceased. On September 17, 1980, the trial court removed petitioner and ordered him to deliver to the successor personal representative within thirty days of August 21, 1980, the sum of $76,166.79, which sum represented the minimum amount petitioner had paid to himself as personal representative and the sum of $6,858.00, which amount had been paid by petitioner to an attorney. On October 13, 1980, a further order was issued to comply with the earlier order.
*1159 On December 15, 1980, the trial court, pursuant to Florida Rule of Probate and Guardianship 5.440(d) directed the Sheriff of Broward County to incarcerate the petitioner until he complied with the order of September 17, 1980.
Petitioner was incarcerated on December 31,1980, and filed an application for writ of habeas corpus. The Sheriff filed a reply admitting the incarceration and attached the order of December 15, 1980.
The beneficiaries of the estate moved to intervene and filed an answer to this court’s order. We granted the motion to intervene.
Neither order of the trial court recites an affirmative finding that petitioner has the ability to comply with the orders and wil-fully refuses to do so, or that petitioner previously had the ability to comply but divested himself of that ability through his fault or neglect designed to frustrate the intent and purpose of the order. Faircloth v. Faircloth, 339 So.2d 650 (Fla.1976).
As stated by Judge Smith in his dissent in Faircloth v. Faircloth, 321 So.2d 87, 93 (Fla. 1st DCA 1975):
We do not imprison for debt. Art. I, § 11, Fla.Const. Therefore, a finding that the debtor ordered to pay is able to pay and willfully refuses to do so is the touchstone of the proceeding: the essential fact, found to be a fact, which validates the process....
Florida Rule of Probate and Guardianship 5.440(d) provides:
(d) If a removed personal representative fails or refuses to file an accurate complete and final account of his administration, or fails to turn over to his successor all of the property of the decedent and his estate and all records concerning the estate, the court shall order the removed personal representative to comply within ten days after service of a copy of the order. If he fails or neglects to comply within the time required, the court may commit such removed personal representative until he complies. If sufficient cause is shown for the default, the court shall prescribe a reasonable time within which to comply and upon failure of the removed personal representative to comply with this or any subsequent like order, the court may commit him until he does comply.
By its terms the rule provides for commitment if the removed personal representative fails or refuses to file an accounting or fails to turn over property or records to his successor. Petitioner stands accused of failing to deliver $83,024.79; he is not committed for failure or refusal to file an accounting or turn over records.
While other proceedings leading to incarceration may be warranted because of petitioner’s disbursement of the foregoing sum, as to these proceedings there cannot be commitment in the absence of finding that petitioner has the ability to deliver $83,-024.79 and wilfully refuses to do so or having been so ordered to deliver, petitioner divested himself of that ability.
Accordingly, the Writ shall issue, the prisoner shall be released and this cause remanded for further proceedings to determine if the petitioner has the ability to deliver the missing funds or if he has divested himself of that ability subsequent to being ordered to do so.
GLICKSTEIN and HURLEY, JJ., concur.
LETTS, C. J., concurs specially with opinion.