409 So.2d 1066 (1981)
Henry LANGBERT, Appellant,
v.
Ruth I. LANGBERT, Appellee.
Nos. 80-1193, 80-1356 and 80-1357.
District Court of Appeal of Florida, Fourth District.
December 15, 1981.
*1067 Ronald Sales, Palm Beach, and Edna L. Caruso, West Palm Beach, for appellant.
Ira Marcus of Ira Marcus, P.A., Fort Lauderdale, for appellee.
ANSTEAD, Judge.
In these consolidated cases, Henry Langbert timely seeks review of a July 2, 1980 order of the lower court finding him in civil contempt and fining him $2,000 per day until compliance for failure to obey prior court orders in a dissolution proceeding. Because he was uncertain whether an order of civil contempt was reviewable through appeal of a non-final order under Rules 9.130(a)(3)(C)(ii) and (iii) or by petition for writ of common law certiorari under Rules 9.030(b)(2)(A) and 9.100(c), he elected to pursue both approaches. We accept review under the provisions of Rule 9.130(a)(3).[1]
The prior court orders which the lower court found Langbert had violated had directed him to deliver certain furniture, allegedly valued at $50,000, to his estranged wife Ruth Langbert, and to refrain from alienating her interest in two municipal sewer bonds valued at $20,000. Langbert alleges error in the admission of evidence and in the failure of notice as to the alleged alienation of the bonds. He also urges that the fine of $2,000 per day was excessive.
Under Sections 38.22 and 38.23, Florida Statutes, Florida judges are granted broad powers of contempt. The parameters of this authority under circumstances similar to those involved herein has been described by the Florida Supreme Court as follows:
A civil contempt proceeding naturally involves in some measure a transgression against the dignity of the court and the prestige of its order, however, it is in actuality a proceeding between the parties to the cause and is instituted and tried as a part of the main case. It should be considered more nearly in the nature of a civil proceeding between the parties, and to the extent appropriate rules governing civil causes should apply. When a judgment or decree in favor of one party is disregarded or violated by another party to the injury of the former, it is then appropriate for the injured party to call upon the court to exercise its contempt powers in the enforcement of its decrees for the benefit of the party in whose favor the decree has been entered.
In an appropriate civil contempt case the court may compel performance of a required act by coercive imprisonment or in the event that the violation of the decree has resulted in damages to the injured party, there is adequate authority to support the assessment of a "compensatory fine" to be paid by the wrongdoing party to the party injured. The expression "compensatory fine" seems to have found its way into the law governing contempt in Gompers v. Buck's Stove & Range Co., [221 U.S. 418, 31 S.Ct. 492, 55 L.Ed. 797 (1911)]. It was indirectly recognized by our opinion in Seaboard Air Line R. Co. v. Tampa Southern R. Co., [101 Fla. 468, 134 So. 529 (1931)]. Although in 17 C.J.S., Contempt, § 94, p. 137, it is stated:
"The power of the court to award indemnity to the injured party usually rests on statute",

*1068 nevertheless, the history of civil contempt proceedings sustains the conclusion that the power to impose a compensatory fine to the extent of the damages suffered by the injured party inheres in the court whose decree has allegedly been violated.
South Dade Farms v. Peters, 88 So.2d 891, 899 (Fla. 1956). The burden of proving the amount of a compensatory fine to be assessed against a contemnor rests with the moving party and the amount of such fine "should be reasonably certain of measurement." National Exterminators, Inc. v. Truly Nolen, 86 So.2d 816, 818 (Fla. 1956); see also Schoenthal v. Schoenthal, 138 So.2d 802 (Fla. 3d DCA 1962).
We have reviewed the record and find no merit to appellant's claim of lack of notice or with respect to the admission of evidence. In addition we believe the evidence submitted with reference to the value of the items in question was sufficient to support the imposition of a substantial fine. However, we also believe it was incumbent upon the trial court to limit the fine imposed to an amount reasonably related to the damage suffered by the injured party in accordance with the decision in South Dade Farms v. Peters.
Accordingly, we affirm the findings of the trial court and the judgment of contempt but remand this cause to the trial court with instructions to reconsider the penalty provisions of the fine in accordance with the principles set out in South Dade Farms v. Peters. The trial court may receive additional evidence as it deems necessary.
LETTS, C.J., and MOORE, J., concur.
NOTES
[1] Florida Rules of Appellate Procedure 9.130(a)(3)(C)(ii) and (iii) provide for appellate "[r]eview of non-final orders of lower tribunals ... which ... determine ... (ii) right to immediate possession of property ... (or) (iii) right to immediate monetary relief or child custody in domestic relations matters," language which on its face appears applicable to the instant case. Under the earlier Rule 4.2, it had been held that an order of civil contempt was reviewable by interlocutory appeal. In re Estate of Rasmussen, 335 So.2d 634 (Fla. 1st DCA 1975). When the earlier Rule was amended to become the present Rule 9.130, In re Proposed Florida Appellate Rules, 351 So.2d 981, 997 (Fla. 1977), its terms were made much more specific. It is apparent from the Committee Notes to the new Rule that such specificity was designed to better define the scope of appealable non-final orders while limiting the number of petitions for writ of common law certiorari. Accordingly, we believe that the Rasmussen holding, that orders of civil contempt are reviewable by interlocutory appeal, is still valid.