415 So.2d 125 (1982)
LAKE WORTH UTILITIES AUTHORITY, a Department of the City of Lake Worth, Appellant,
v.
HAVERHILL GARDENS, LTD., Palm Beach County, Intercounty Construction Corp., Etc., et al., Appellees.
No. 81-2121.
District Court of Appeal of Florida, Fourth District.
June 16, 1982.
Rehearing Denied July 28, 1982.
*126 Frank A. Kreidler, Lake Worth, for appellant.
Robert G. Merkel of Adams, Coogler, Watson & Merkel, P.A., West Palm Beach, for appellees.
Gary M. Brandenburg, Asst. County Atty., West Palm Beach, for appellee Palm Beach County.
DOWNEY, Judge.
Appellee, Haverhill Gardens, Ltd., filed a multi-count complaint against appellants, Lake Worth Utilities Authority (hereafter LWUA) and Palm Beach County, in which, among other forms of relief, Haverhill sought an injunction against LWUA to stop it from transmitting sewage in its then current condition to Palm Beach Lift Station No. 241. The litigation arose as a result of the operation of the LWUA sewage collection system, which collects sewage from residents of the City of Lake Worth and contract customers and pumps it to the Palm Beach County System. The controversy stems from Haverhill's contention that LWUA is not properly treating its sewage prior to interconnecting with the county system at Station 241, as a result of which noxious odors emanated from the station creating a nuisance.
During the course of a nonjury trial the parties entered into a stipulation in which in pertinent part LWUA agreed
to deliver effluent to the point of interconnect so as to have a five (5) day biochemical oxygen demand not in excess of 500 parts per million, by weight on a 24 hour composite basis, or for any sample period having a five day biochemical oxygen demand not in excess of five times the average influent value for the affected sewerage treatment plant during the previous calendar year; maximum of five parts per million sulfide, sulfur dioxide, or nitrous oxide and a minimum of .5 parts per million dissolved oxygen.
The stipulation provided that an independent testing organization (Geotec Inc.) would conduct tests several times each week and the results would be furnished to the parties. The trial court entered an *127 order on January 30, 1980, approving the stipulation and directing the parties to comply with its terms and conditions.
Haverhill filed a motion to compel and for sanctions against LWUA for failure to comply with the stipulation. After a hearing thereon on April 22, 1981, the trial court entered an order finding LWUA in violation of the stipulation and giving it 15 days to rectify the violations. The order further provided that LWUA should pay into the registry of the court a penalty of $100 per day while they were in violation of the April 22nd order.
Again, on July 22, 1981, Haverhill filed a motion to compel and for sanctions, including attorney's fees. After a series of hearings on the motion the trial court entered the order appealed from, finding LWUA in violation of the stipulation and the court orders. It, therefore, ordered LWUA to pay into the registry of the court the sum of $700 within five days of the order and to make further payments for violation of the previous orders within five days after receiving the monthly test results from Geotec Inc.
LWUA poses two points on appeal, neither of which demonstrates reversible error.
The trial court found LWUA in contempt for violating the several court orders and levied a fine and attorney's fees against it. However, though the order of contempt found LWUA in violation thereof, it did not make a finding that LWUA was able to comply and simply did not. This is important because the essence of contempt is violation of a court order that the contemnor was able to comply with. State ex rel. Trezevant v. McLeod, 126 Fla. 229, 170 So. 735 (1936); Faircloth v. Faircloth, 339 So.2d 650 (Fla. 1976); Hamra v. Hamra, 350 So.2d 538 (Fla. 3rd DCA 1977); 11 Fla.Jur.2d, Contempt, § 62. As the Supreme Court of Florida states in Trezevant, supra:
Under the most respectable authority on contempt that we have been able to find a "process" contempt commitment for refusing to obey an order of court must be based on an affirmative finding that it is within the power of the defendant to obey the order, and such finding must be made to appear on the face of the order of commitment, else it is void. 170 So.2d at 735.
Despite the importance of the foregoing rule, appellant cannot rely on it for reversal because appellant failed to raise the question of the applicability of the rule in the trial court. Appellant's failure precludes this court from entertaining its initial point for the first time on appeal. See cases cited at 3 Fla.Jur.2d, Appellate Review, § 92, pp. 130-134.
In its second point appellant questions the trial court's award of attorney's fees for appellee's participation in the contempt proceedings. The award was correct since, if a party is found in contempt, it is proper for the court to compensate the injured party by assessing attorney's fees for the contempt proceedings. See Lance v. Plummer, 353 F.2d 585 (5th Cir.1965).
Accordingly, we affirm the order under review.
AFFIRMED.
HURLEY and WALDEN, JJ., concur.