*476 WILLIAM C. OWEN, Jr. (Retired), Associate Judge.
Appellant was held in contempt for his failure to pay certain installments of alimony and child support as required by the final judgment of dissolution. In accord with the teaching of Garo v. Garo, 347 So.2d 418 (Fla.1977) and Faircloth v. Faircloth, 339 So.2d 650 (Fla.1976), the order of contempt contained an affirmative finding that appellant had a present ability to pay.
Appellant contends, on this appeal from the contempt order, that the finding of an ability to pay is unsupported by the record because no evidence on the issue of ability to pay was presented, the former wife testifying only as to the fact and amount of arrearage, and appellant electing not to attend the hearing. This argument is devoid of merit. In Faircloth v. Faircloth, supra, the Supreme Court put its imprimatur on a portion of the cogent dissenting opinion of Judge Robert P.. Smith, Jr. in the district court decision of the Faircloth case, which included the following language, totally dis-positive of the matter:
The burden is upon the party in default to prove not only that he is unable to comply with the court’s present order to pay but also that his present inability is due not to his fault or neglect but rather to circumstances beyond his control which intervened since the final decree ordering him to pay..

Upon the affected party’s failure to discharge his burden of proving that he is disabled to pay by reason of intervening factors not due to his own neglect or fault, the chancellor may find as a fact that he continues to be able to pay, as was originally decreed, or that any disability was self-induced, (e.s.)
339 So.2d 650, 652 quoting with approval from 321 So.2d 87 (Smith, J. dissenting).
AFFIRMED.
ANSTEAD and BERANEK, JJ., concur.