PER CURIAM.
The petition for writ of habeas corpus of Roy Rowls, filed February 9, 1983, avers that Rowls was imprisoned on that day by order of the circuit court finding him in contempt of court for failure to pay child support previously ordered, and that the circuit court’s order that is the authority for his imprisonment lacks essential findings as required by Faircloth v. Faircloth, 339 So.2d 650 (Fla.1976), and Hammond v. Sandstrom, 376 So.2d 466 (Fla. 3d DCA 1979). The sheriff’s return to our order to show cause, filed February 11, 1983, by counsel for the party to whom the payments were to have been made, presents us no written evidence of a circuit court order or judgment constituting authority for the imprisonment of Rowls, but explains that the requisite findings were “expressly stated in the order of the trial judge and will be reflected in the written order of the trial judge upon its rendition.” Evidently there is no record of the “order of the trial judge” on authority of which Rowls was taken into custody, and no record of that order will become available until “the written order of the trial judge” is rendered. In such proceedings as these, perhaps for stronger reasons than in other cases, the circuit court speaks through its orders and judgments regularly rendered, and “until that judgment is entered of record there is no competent evidence of such rendition.” See Braren v. Lawyers’ Realty Abstract Co. of Sarasota, 196 So.2d 244 (Fla. 2d DCA 1967), cert. disch., 206 So.2d 385 (Fla.1968), quoting Ellis v. State, 100 Fla. 27, 129 So. 106 (Fla.1930). See also Faircloth, supra.
The petition for writ of habeas corpus is GRANTED and Rowls will immediately be discharged from custody until he may be taken into custody on authority of a judgment of contempt rendered by the circuit court.
ROBERT P. SMITH, Jr., C.J., and LARRY G. SMITH and JOANOS, JJ., concur.