427 So.2d 329 (1983)
Herman BALZAM, Appellant,
v.
Stanley COHEN, Appellee.
Nos. 81-1449, 81-1476.
District Court of Appeal of Florida, Third District.
March 1, 1983.
*330 James P. Ryan, Harvey Robbins, North Miami, for appellant.
Irving Weinsoff and Alan Eichenbaum, Miami, Laura R. Morrison, Fort Lauderdale, for appellee.
Before DANIEL S. PEARSON and FERGUSON, JJ., and OWEN, WILLIAM C., Jr., Associate Judge.
OWEN, WILLIAM C., Jr., Associate Judge.
Following a non-jury trial, the transcript of which has not been made a part of the record, the trial court entered a final judgment in which it found that appellant Balzam and appellee Cohen were partners under an oral partnership agreement which called for them to jointly acquire the stock of a corporation known as Surfside Deli King, Inc., by which corporation they were employed to operate the corporate owned delicatessen. The judgment ordered Balzam to permit Cohen on the business premises and awarded to Cohen such damages as he had sustained while wrongfully excluded from the business, the amount to be determined by a subsequent accounting. Despite his awareness of the mandatory requirements of the final judgment, Balzam continued to refuse Cohen access to the business premises. That conduct resulted in post trial proceedings in which Balzam was found to be in contempt, the penalty for which was a fine of $1,000.00 a day until Balzam complied. The separate appeals from the judgment and from the contempt order have been consolidated.
Balzam's first two points essentially attack the sufficiency of the evidence to sustain the court's judgment. Because the record before us does not include a transcript of the trial proceedings,[1] and the appellant has been afforded an ample opportunity to supplement the record, Fla.R. App.P. 9.200(f)(2), appellate review of these points is precluded. Brown v. Householder, 134 So.2d 801 (Fla. 2d DCA 1961).
Appellant next contends that the court erred in finding Balzam in contempt of court and in imposing a fine of $1,000.00 per day for Balzam's failure to permit Cohen access to the business premises. No error is shown as to the finding of Balzam to be in contempt for his willful refusal to obey the mandate of the final judgment. However, the amount of a civil contempt fine imposed by a trial court for contempt of its order should bear a reasonable relationship to the damages, if any, suffered by the party in whose favor the order was entered. See National Exterminators v. Truly Nolen, 86 So.2d 816 (Fla. 1956); Langbert v. Langbert, 409 So.2d 1066 (Fla. 4th DCA 1981); Schoenthal v. Schoenthal, 138 So.2d 802 (Fla. 3d DCA 1962); but see Florida Coast Bank of Pompano Beach v. *331 Mayes, (Fla. 4th DCA Case No. 81-2272, Opinion filed December 29, 1982) [FLW 210]. At the hearing which resulted in the order of contempt there was no evidence as to the amount of damages, if any, suffered by appellee Cohen as a result of Balzam's wilful refusal to abide by the injunctive provisions of the final judgment. We therefore vacate that portion of the order of contempt which levied upon appellant Balzam a fine of $1,000.00 per day. Upon remand the court shall be at liberty, upon appropriate notice and hearing, to further consider the amount of fine or other sanction to be imposed upon Balzam for his contempt of the court's judgment, for which purpose the court may take such further evidence as it deems appropriate.
Appellant's final point is directed to the provision of the final judgment directing that both parties and/or the corporation pay to Plaintiff's counsel reasonable attorney's fees.[2] We find this point also has merit. The general rule, so often stated in the jurisprudence of this state, is that the prevailing party may not recover attorney's fees in the absence of a statutory or contractual basis for such an award. See, e.g., Adler v. Adler, 365 So.2d 411 (Fla. 3d DCA 1978). An exception to this general rule was recognized in Cooper v. Fulton, 158 So.2d 759 (Fla. 3d DCA 1963), cert. disch., 165 So.2d 161 (Fla. 1964), for cases where one of several co-partners is forced to bring suit for dissolution and accounting. Although appellee relies upon the Cooper case in support of the award, it is clear that in this case appellee Cohen did not seek a dissolution of the partnership. To the contrary, Cohen sought and obtained mandatory injunctive relief by which the partnership remained intact and Cohen was granted equal access to and operation of the business and its assets. While the court did direct that an accounting be had, that provision of the judgment has only the effect and intent of permitting a delayed determination of the damages which Cohen sustained while improperly excluded from the business. In our opinion the Cooper exception does not apply to this case and the provisions of the final judgment awarding appellee an attorney's fee from appellant or from the business is reversed. See Tobin v. Lefkowitz, 367 So.2d 682 (Fla. 3d DCA 1979).
Affirmed in part, reversed in part, and remanded.
NOTES
[1] Initially, the trial of this matter commenced before Judge George Orr, the transcript of those proceedings being included in the record. After Judge Orr recused himself, the case was apparently tried de novo before Judge Joseph Gersten who entered the judgment. None of the testimony before Judge Orr was considered by Judge Gersten. It is the testimony before Judge Gersten which is not included in the record.
[2] The award of attorney's fees was not for services rendered in the contempt proceedings. See Lake Worth Utilities Authority v. Haverhill Gardens, Ltd., 415 So.2d 125 (Fla. 4th DCA 1982).