433 So.2d 1033 (1983)
FLORIDA COAST BANK OF POMPANO BEACH, Individually and As Trustee, Appellant,
v.
William McWhorter MAYES and Robert Holder Mayes, Appellees.
No. 81-2272.
District Court of Appeal of Florida, Fourth District.
July 13, 1983.
Kenneth R. Mikos of Friedrich, Blackwell, Mikos & Ridley, P.A., Fort Lauderdale, for appellant.
Thomas A. Groendyke of Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellees.
ANSTEAD, Chief Judge.
This is an appeal from an order holding appellant-trustee in civil contempt for failing to obey a final judgment which ordered it to pay accumulated trust funds to the trust's beneficiaries. The trustee argues that it stayed the judgment automatically by posting a supersedeas bond, that it is unable to comply with the judgment, and that the contempt order itself is defective because it imposes a coercive fine and because *1034 it does not contain a finding of the trustee's ability to comply.
The final judgment ordered the trustee to:
1. pay accumulated trust income to the beneficiaries;
2. make quarterly accountings;
3. administer the trust according to court-imposed guidelines;
4. pay back funds withheld as compensation;
5. pay back funds withdrawn from the trust to pay the trustee's legal fees; and
6. pay the beneficiaries' legal fees and costs.
The trial court denied the trustee's request for a stay of this judgment pending appellate review.
Subsequently, the beneficiaries filed a motion to hold the trustee in contempt for failure to comply with the judgment. The trustee then filed a notice of appeal and a supersedeas bond in the amount of the monies ordered to be paid plus 15 percent interest. After a contempt hearing, the trustee was found in contempt and was ordered to make the payments set out in the judgment. No attempt was made to show that the trustee had not complied with the other provisions of the judgment.
The trustee claims that under Florida Rule of Appellate Procedure 9.310(b)(1) the posting of a supersedeas bond automatically stays the execution of the monetary portions of the final judgment. Rule 9.310 provides:
Rule 9.310. Stay Pending Review
(a) Application. Except as provided by general law and in section (b) of this rule, a party seeking to stay a final or non-final order pending review shall file a motion in the lower tribunal, which shall have continuing jurisdiction, in its discretion, to grant, modify or deny such relief. A stay pending review may be conditioned upon the posting of a good and sufficient bond, other conditions, or both.
(b) Exceptions.
(1) Money Judgments. When the order is solely for the payment of money, a stay pending review is automatic, without the necessity of motion or order, on posting of a good and sufficient bond equal to the amount ordered to be paid, plus 15% thereof. If the liability of a party is less than the entire amount ordered to be paid, the bond required for that party shall be equal to the amount of such liability, plus 15%. Multiple parties having common liability may file a bond in the amount of the common liability, plus 15%.
In our view the money judgment exception created by Rule 9.310(b)(1) applies only to judgments or orders wherein the only relief granted is for the payment of money. When monetary and other relief are granted in the same judgment or order, then the Rule 9.310(b)(1) exception does not apply and the parties must proceed in accord with the provisions of Rule 9.310(a). In reaching this conclusion, we note that the Committee Notes to this rule state that subsection (b)(1) "establishes a fixed formula for determining the amount of the bond where there is a judgment solely for money." (Emphasis added.) If, in spite of this language, rule 9.310(b)(1) applied to each separate grant of relief in a judgment, as the trustee suggests, it would be superfluous to speak of such a grant as "solely" for the payment of money. In addition the trustee's reading of 9.310(b)(1) implies that "order" is defined as a separable grant of relief. Florida Rule of Appellate Procedure 9.020(e), however, defines an "order" as a "decision, order, judgment, decree or rule of a lower court." Reading 9.310(b)(1) together with rule 9.020(e), "order" may more logically be read to refer to an entire final judgment.[1]
*1035 The trustee also relies on a policy argument, claiming that, because all it desires to do is stay the monetary portion of the judgment, rule 9.310(b)(1) should be applied, notwithstanding its literal meaning. The trustee cites Proprietors Ins. Co. v. Valsecchi, 385 So.2d 749 (Fla. 3d DCA 1980), which stated that rule 9.310(b)(1) was intended to relieve courts from having to hear and decide motions for the stay of money judgments, characterizing such motions as "noncontroversial." Id., at 751. We fully affirm these policy reasons as stated in Valsecchi. However, it is not clear whether those reasons are applicable to monetary sections of multi-part orders. If those sections are integrally related to the non-monetary sections, a partial stay of such a judgment might lead to inequitable results. At the least, the extent to which the judgment is stayed might be difficult to ascertain without court assistance. To protect against these possible dangers, we believe that the drafters of the rule intended to require a motion and hearing in such cases. In the instant case, for instance, it is apparent that the trustee itself filed and lost such a motion before unilaterally filing a money bond without court authorization. The trustee is in effect now trying to circumvent the denial of its prior motion by its resort to rule 9.310(b)(1).[2] We simply do not agree with the trustee that this rule sanctions its actions.
The trustee also contends that, if the contempt order is affirmed, any fine must be reasonably related to damages suffered by the beneficiaries, citing Langbert v. Langbert, 409 So.2d 1066 (Fla. 4th DCA 1981). In Langbert, this court held that a fine assessed in a civil contempt proceeding was compensatory and, thus, must be reasonably related to the damages suffered by the injured party. Id., at 1068. Langbert was based upon South Dade Farms v. Peters, 88 So.2d 891 (Fla. 1956), which held that a court in a civil contempt proceeding had the power to assess such a compensatory fine. In our view the trustee misreads South Dade Farms and Langbert to foreclose the imposition of coercive fines in civil contempt proceedings. The question of the court's power to impose coercive fines was not ruled upon in South Dade Farms. Id., at 896. Langbert merely held that since the fine involved there was compensatory, it must be reasonably related to damages suffered by the other party.
Balzam v. Cohen, 427 So.2d 329 (Fla. 3d DCA 1983) holds that a fine imposed in a civil contempt proceeding must be related to actual damages suffered by the aggrieved party, citing National Exterminators v. Truly Nolen, 86 So.2d 816 (Fla. 1956); Langbert; and Schoenthal v. Schoenthal, 138 So.2d 802 (Fla. 3d DCA 1962). In National Exterminators the court held that a compensatory fine for civil contempt should be related to actual damages. Schoenthal held that a judge could not transfer property from one party to another as a civil contempt sanction. Langbert is discussed above. We disagree with the holding in Balzam that these decisions foreclose coercive fines in civil contempt situations.
A long line of federal cases authorizes the imposition of coercive fines in civil contempt proceedings. In United States v. United Mine Workers, 330 U.S. 258, 67 S.Ct. 677, 91 L.Ed. 884 (1947), the court held that sanctions in civil contempt proceedings may be either coercive or compensatory and that a fine may be coercive. In that case the Supreme Court imposed a coercive fine on the United Mine Workers. Similar coercive fines in civil contempt proceedings have been approved in United States v. Work Wear Corp., 602 F.2d 110 (6th Cir.1979); Latrobe Steel Co. v. United Steelworkers, 545 F.2d 1336 (3d Cir.1976); Sunbeam Corp. v. Golden Rule Appliance Co., 252 F.2d 467 (2d Cir.1958); Powell v. Ward, 487 F. Supp. 917 (S.D.N.Y. 1980); Palmigiano v. Garrahy, *1036 448 F. Supp. 659 (D.R.I. 1978); Hamilton v. Love, 358 F. Supp. 338 (D.Ark. 1973); Labor Relations Commission v. Fall River Educators' Association, 382 Mass. 465, 416 N.E.2d 1340 (1981), and cases cited there 416 N.E.2d at 1348.
Our recent decision in Lake Worth Utilities Authority v. Haverhill Gardens, Ltd., 415 So.2d 125 (Fla. 4th DCA 1982), clearly sanctions the imposition of non-compensatory fines in civil contempt proceedings, and we agree that the trial court had the authority to impose such a fine here. A coercive fine may be appropriate in order to force the contemnor to comply with the judgment without resorting to the more drastic step of jailing the offending official of the trustee's banking institution.
In its reply brief, the trustee makes two additional arguments not discussed in its initial brief.[3] First, the trustee states that it cannot comply with the final judgment because it does not agree with it. Such an argument is patently without merit. Parties are not free to ignore the command of a court simply because they continue to believe the court's decision against them was wrong. The rule of law would not long prevail in such an atmosphere. Second, the trustee claims that the contempt order lacked an explicit finding that the contemnor was able to comply with the judgment, but had not so complied. The cases cited by the trustee, State ex rel. Trezevant v. McLeod, 126 Fla. 229, 170 So. 735 (1936); Faircloth v. Faircloth, 339 So.2d 650 (Fla. 1976); and Hamra v. Hamra, 350 So.2d 538 (Fla. 3d DCA 1977), all deal with imprisonment in civil contempt proceedings. The rationale for this rule, stated in Faircloth, at 652, appears to be based on procedural protections to be afforded prior to the imposition of the sanction of imprisonment. In Lake Worth Utilities Authority, we adopted the reasoning of the above cases in a contempt proceeding involving a fine levied against the Utilities Authority. That decision supports the proposition that the Faircloth rationale should be applied to other contempt sanctions as well. That is, in cases such as the present, trial courts should make an express finding of ability to comply before imposing sanctions. However, just as in Lake Worth Utilities Authority, this issue was not raised below and we believe the trustee is foreclosed from raising it for the first time in the argument portion of its reply brief on appeal. We also note that no issue was raised in the trial court as to the trustee's ability to pay, i.e., it was undisputed that the trustee had possession of the trust funds and hence the financial ability to pay them out. In fact, in a written response to the motion for contempt, the only defense asserted was that the trustee was entitled to an automatic stay because it had put up a bond. Of course, the final judgment itself had expressly determined that the trustee had improperly withheld disposition of the funds. This is simply not the usual case where, for instance, a husband's ability to pay alimony may be in doubt.
Accordingly, for the reasons set out above we affirm the judgment of the trial court in all respects.
BERANEK and HERSEY, JJ., concur.
NOTES
[1] The trustee cites Knipe v. Knipe, 290 So.2d 71 (Fla. 2d DCA 1974) for the proposition that rule 9.310(b)(1) applies to monetary portions of judgments which are not solely monetary. The judgment in Knipe was for lump sum alimony, periodic alimony, and child support. Appellant claimed that the lump sum award made the judgment one not solely for money, but the court, holding that the entire judgment was for money, applied the predecessor to rule 9.310(b)(1) to that judgment.
[2] The trustee, of course, had the right to have the trial court's order denying its request for a stay reviewed in the appellate court, an option that we are advised by the trustee's counsel was not taken by counsel's predecessor.
[3] In its initial brief the appellant states the issues to be:

I. THE LOWER COURT ERRED IN ENTERING ITS ORDER OF CONTEMPT WHERE THE PAYMENT PROVISIONS OF THE FINAL JUDGMENT WERE AUTOMATICALLY STAYED BY APPELLANT'S POSTING OF A PROPER SUPERSEDEAS BOND.
II. THE LOWER COURT ERRED IN IMPOSING A DAILY FINE PROVISION OF ONE HUNDRED AND NO/100 ($100.00) DOLLARS PER DAY WHERE THERE WAS NO EVIDENCE PRESENTED AS TO ACTUAL DAMAGES SUFFERED BY APPELLEES.
In its reply brief the appellant states the issues to be:
I. THE LOWER COURT ERRED IN ENTERING ITS ORDER OF CONTEMPT WHEN IT FAILED TO CONSIDER THE DRASTIC EFFECT THE DISTRIBUTION OF THE SO-CALLED "ACCUMULATED INCOME" WOULD HAVE UPON THE CONTINUED VITALITY OF THE TRUST.
II. THE LOWER COURT ERRED IN IMPOSING A DAILY FINE PROVISION OF $100.00 PER DAY.