472 So.2d 1260 (1985)
John CHANNELL, Individually, and Kathy Channell, f/k/a Kathy Curcie, Appellants,
v.
APPLIED RESEARCH, INC., a Florida Corporation, Appellee.
MODERN RESEARCH, INC., Appellant,
v.
John CHANNELL, etc., et al., Appellees.
Nos. 84-1621, 84-1936.
District Court of Appeal of Florida, Fourth District.
July 3, 1985.
Rehearing or Clarification Denied August 9, 1985.
*1261 Roger D. Haagenson, Fort Lauderdale, for appellant-Channell.
M. Richard Sapir, West Palm Beach, for appellant-Modern Research, Inc.
Richard Sarafan of Richard and Richard, Miami, for appellee-Applied Research, Inc.
DOWNEY, Judge.
These consolidated cases involve non-final appeals from several orders of the trial court affecting the respective appellants.
The litigation commenced on June 15, 1984, when appellee, Applied Research, Inc. (Applied), filed a complaint for injunction, an accounting, and damages against appellants, John and Kathy Channell (the Channells). Simultaneously a temporary restraining order was entered. Thereafter, the trial court heard a motion for preliminary injunction and a motion to hold the Channells and appellant Modern Research, Inc. (Modern), in contempt. A preliminary injunction was entered June 28, 1984, and on August 7, 1984, the court found the Channells in contempt for violation of the court's injunctive order and fined the Channells and Modern jointly and severally $1,100.
Modern has perfected this appeal from the August 7, 1984, order assessing a fine against it and the Channells have appealed the order granting the preliminary injunction and the subsequent order denying *1262 their motion to modify the preliminary injunction.

THE CHANNELLS' APPEAL
Applied Research, Inc., is a Florida corporation engaged in the manufacture and sale of disinfectants, soaps, and other chemical cleaners and equipment throughout the United States, except Alaska and Hawaii. The Channells were employed by Applied for several years selling Applied's product by telephone throughout the country. They signed employment contracts that contained noncompetition covenants precluding them from divulging any confidential information obtained during the employment relating to customer lists, sales formula, processes, and other matters during their employment or after termination thereof, or from soliciting business or otherwise entering into competition with Applied anywhere in the United States for a period of two years following termination. In its complaint Applied alleged that, upon termination of their employment, the Channells removed extensive property belonging to Applied, including customer lists, sales invoices, company sales books, and other company property, and commenced employment with Modern Research, Inc., a direct competitor of Applied. It is alleged that the Channells, on behalf of their new employer, Modern Research, are competing with Applied and soliciting Applied's customers. Applied prayed for temporary and permanent injunctive relief, an accounting, and damages.
The Channells were served with process and appeared by counsel at a hearing citing them for contempt of the injunctive orders of the court. They also sought modification of the injunctive order. The trial court heard evidence proving the covenant not to compete and the violation thereof. Nevertheless, the Channells contend the employment contract was unenforceable because Applied had unilaterally reduced their commission percentages and had not timely paid their commissions. Furthermore, they sought to restrict the geographical extent of the restrictive covenant. However, our study of the record and briefs convinces us that the trial court could find there was inadequate evidence of alleged breaches by Applied which would nullify Applied's right to a temporary injunction. See Capraro v. Lanier Business Products, Inc., 445 So.2d 719 (Fla. 4th DCA 1984). Likewise, at this stage of the proceedings we believe the record supports the trial judge's denial of relief regarding the geographical extent of the restrictive covenant.
For these reasons we affirm the orders appealed from as they pertain to the Channells.

MODERN RESEARCH, INC.'S APPEAL
Modern contends the trial court erred in fining it $1,100 along with the Channells because 1) it was never a party to the suit; 2) it was never served with process; 3) it was never served with any notice of hearing; and 4) it never appeared by counsel or otherwise. Therefore, Modern contends that it was not afforded due process in this case.
The order giving rise to the fine levied against Modern is the preliminary injunction of June 28, 1984, which provides:
Plaintiffs application for Preliminary Injunction be and the same is hereby granted and the Defendants, JOHN CHANNELL and KATHY CHANNELL formerly known as KATHY CURCIE, together and each in their own right, as well as their agents, servants, employees and attorneys and those persons in active concert or participation with them who received actual notice of this order be and the same are hereby restrained and enjoined from engaging in or committing any of the following acts:
Thereafter follows a description of numerous activities, many of which for our purposes it appears were violated by the Channells and Modern. The issue raised by Modern is not the alleged violation of the order in question but rather its applicability to Modern.
*1263 While admitting that Modern was not a named party and was never served with process or written notice of hearing, Applied contends that, in view of the wording of the injunction, it applied to Modern if Modern had notice of the proceedings. A decree of injunction not only binds the parties defendant, but also those identified with them in interest, those in privity with them, and those represented by them or subject to their control. Temporarily Yours-Temporary Help Services, Inc. v. Manpower, Inc., 377 So.2d 825 (Fla. 1st DCA 1979); United States v. Hall, 472 F.2d 261 (5th Cir.1973).
Florida Rule of Civil Procedure 1.610(c) provides as follows:
(c) Every injunction and temporary restraining order shall specify the reasons for entry, shall describe in reasonable detail the act or acts restrained without reference to a pleading or another document and shall be binding on the parties to the action, their officers, agents, servants, employees and attorneys and on those persons in active concert or participation with them who receive actual notice of the order. (Emphasis added.)
Mr. Channell confirmed that Modern had notice of the injunction. That Modern had actual notice of the motion for contempt is shown, according to Applied, by the testimony from Mr. Channell that he received notice of the motion for contempt, which included Modern as well as the Channells, from Mr. Haagenson, Modern's lawyer, and upon receipt thereof Mr. Channell promptly discussed the consequences with the people at Modern. Applied contends further that both Mr. Haagenson and Mr. Sapir, attorneys for Modern, were fully aware of the hearing to be held to determine if the Channells and Modern were in contempt of the injunctive order. It is evident that Modern had the full and complete ability and opportunity to be represented at this hearing and cannot now seek to benefit by its calculated decision not to be present or represented by counsel.
Finally, Modern argues that the order of contempt against Modern is void on the grounds that the court did not make an affirmative finding that it was within Modern's ability to comply with the order and further did not make an affirmative finding that Modern violated the court order.
Of the three cases cited by Modern on this point, two, State v. McLeod, 126 Fla. 229, 170 So. 735 (1936), and Faircloth v. Faircloth, 339 So.2d 650 (Fla. 1976), arose in the context of dissolution proceedings. Both cases involve an order of contempt against a party who failed or refused to take the affirmative action required by the order of the court (in both cases a husband had failed or refused to pay alimony pursuant to court orders). In contempt proceedings arising out of a dissolution action, an affirmative holding of ability to comply with the order (i.e. ability to pay) is required, inasmuch as a showing of inability to pay would be considered a complete defense. The injunction in the instant case is factually distinguishable from those in the above cases since it contained no affirmative requirements but rather consisted of negative prohibitions including the prohibition that John and Kathy Channell were not to work for competitors of their former employer. Therefore, the rationale for making a specific finding of ability to comply with the order is not applicable to the present case.
In the remaining case cited by Modern on this point, Lake Worth Utilities Authority v. Haverhill Gardens, Ltd., 415 So.2d 125 (Fla. 4th DCA 1982), the appellant challenged an order of contempt entered against it by arguing, for the first time on appeal, that the order failed to make a finding that the appellant was able to comply and simply did not. However, this court ruled against the appellant in Lake Worth on that argument in holding that:
Despite the importance of the foregoing rule, appellant cannot rely on it for reversal because appellant failed to raise the question of the applicability of the rule in the trial court. Appellant's failure precludes this court from entertaining *1264 its initial point for the first time on appeal. (Citations omitted.)
415 So.2d at 127.
Likewise, Modern has failed to raise this issue before the trial judge and may not now raise the issue for the first time on appeal.
The evidence presented appears to be more than adequate to support a finding that Modern was in contempt of the preliminary injunction.
Accordingly, the orders appealed from in both cases are affirmed.
WALDEN and BARKETT, JJ., concur.