LETTS, Judge.
This case involves the sale of a business followed by violations of a covenant not to compete, resulting in an injunction against the sellers. The violations continued and a contempt order, the subject of this appeal, ensued. We affirm.
The sellers first argue that the contempt order must be reversed because it is based on a preponderance of the evidence standard, whereas the requirement for a contempt order is clear and convincing evidence. We avoid any debate over this complex question by simply relying on the order here appealed, wherein the trial court found that the violations were done “knowingly and in willful disregard of the Final Judgment.” Such language is tantamount to a finding that the evidence was clear and convincing.
The sellers next argue that the trial court erred in assessing a $25,000 fine to be paid to the buyers. As the sellers see it, the fine must bear a reasonable relationship to the actual damages suffered by the aggrieved party. They cite Balzam v. Cohen, 427 So.2d 329 (Fla. 3d DCA 1983). Apart from the fact that the record does not demonstrate that the fine did not bear such a reasonable relationship, we, in the fourth district, have disavowed Balzam and have held that coercive fines can be imposed in contempt proceedings:
A coercive fine may be appropriate in order to force the contemnor to comply with the judgment without resorting to the more drastic step of jailing the offending [party].
Florida Coast Bank of Pompano Beach v. Mayes, 433 So.2d 1033, 1036 (Fla. 4th DCA 1983), petition for rev. dismissed, 453 So.2d 43 (Fla.1984).
The only other argument which we address is the sellers’ contention that the trial court erred in not providing a purging provision. Such a contention would be sustainable if incarceration had been ordered, but a purge provision is not required if the contemnor does not need a key to his prison cell. In the case at bar, the trial court did not impose imprisonment. See Bowen v. Bowen, 471 So.2d 1274 (Fla.1985). A purging provision, therefore, was unnecessary.
We find no merit in the other points on appeal.
AFFIRMED.
ANSTEAD and GLICKSTEIN, JJ., concur.