PER CURIAM.
We affirm the trial court’s civil contempt order on appeal. To ensure compliance with its previous orders enjoining environmental hazards, the trial court entered an order within the parameters of Johnson v. Bednar, 573 So.2d 822 (Fla.1991). The order required appellant to post a bond to secure performance of certain remedial measures on the property. In the event that appellant failed to perform, the county could apply to the court for release of the bond so it could arrange to perform the necessary corrective measures.
Appellant relies on Florida Coast Bank of Pompano Beach v. Mayes, 433 So.2d 1033 (Fla. 4th DCA 1983), review dismissed, 453 So.2d 43 (Fla.1984), to argue that the order is deficient for the failure of the court to include a finding that appellant had the financial ability to post the bond. Mayes indicates that prior to imposing contempt sanctions, the trial court must find that the contemnor had the ability to comply with the underlying order that required some type of action. Here, the record reflects that the orders violated were the previous injunctive orders of the court, including the civil contempt order entered on June 1, 1993. The trial court specifically found that appellant had the ability to comply with those orders. Appellant’s ability to post the bond would become relevant in a motion for contempt for the failure to post it, where the county seeks the imposition of a fine under Johnson or of a purge-able jail sentence.
We find no error as to the other points raised.
AFFIRMED.
WARNER, SHAHOOD and GROSS, JJ., concur.