ON REHEARING
On February 26, 1990, we issued a published opinion setting forth our reasons for granting a writ of habeas corpus and ordering the release of Mr. Paulk, who had been adjudged in contempt of court for failure to pay certain alimony arrearages. Among our reasons for granting relief was our finding that because some of the ar-rearages had been reduced to a judgment, the trial court was precluded from using its contempt powers under the holding in Lamm v. Chapman, 413 So.2d 749 (Fla.1982). It has come to our attention, however, that after Lamm was decided the 1986 Florida Legislature enacted section 61.17(3), Florida Statutes (1989), which provides in pertinent part that “[t]he entry of a judgment for arrearages for child support, alimony, or attorney’s fees and costs does not preclude a subsequent contempt proceeding ... for failure of an obligor to pay the child support, alimony, attorney’s fees, or costs for which the judgment was entered.” Accordingly, we sua sponte grant rehearing and withdraw those portions of our opinion based on the “mutually exclusive remedies” rationale of Lamm, acknowledging as we must the controlling effect of the statute in the absence of any challenge thereto. We, note that the Lamm holding was apparently based on Article I, section 11 of the Florida Constitution, see Lamm, 413 So.2d at 753 (Sund-berg, C.J., concurring in part and dissenting in part), but we decline to venture any opinion as to whether a constitutional challenge to section 61.17(3) might ultimately prevail. Our research did not reveal any *702 reported appellate decisions regarding the statute’s validity.
We find that petitioner was nevertheless entitled to the relief he sought. As stated in our prior opinion, his former wife stipulated at the hearing that he did not have the present ability to pay the substantial purge amount that had also been reduced to a judgment. Incarceration for civil contempt in light of that stipulation clearly would have been improper, Bowen v. Bowen, 471 So.2d 1274 (Fla.1985). Incarceration based on subsequently accruing ar-rearages was impermissible in the absence of a written order, Rowls v. Boone, 427 So.2d 220 (Fla. 1st DCA 1983). Finally, no showing was made that the bankruptcy court had lifted its stay as to the efforts of former wife’s former counsel to collect a fee and therefore the circuit court apparently was barred from enforcement of that indebtedness.
SUA SPONTE REHEARING GRANTED; WRIT ISSUED.
SHIVERS, C.J., and SMITH and NIMMONS, JJ., concur.