MATHEWS, Justice.
The petitioner filed a petition for a writ of certiorari to review an order of the Circuit Judge in the Eleventh Judicial Circuit modifying a final decree with reference to alimony and for the care and maintenance of four minor children.
The final decree was entered on the 5th day of January, 1953. It found the equities to be with the plaintiff, petitioner here, and that the defendant, respondent here, had been guilty of adultery and of extreme cruelty, and with reference to the alimony and maintenance and care of the four minor children, contained the following:
“6. That the temporary order of this Court, dated November 27, 1951, providing for the payment of $175.00 per week by the defendant to the plaintiff for temporary alimony and for the care and maintenance of the four minor children of the parties, is hereby made permanent, and the defendant Melvin J. Gardner, shall continue such payment and henceforth to pay through the Office of the Clerk of this Court the sum of $175.00 per week as alimony to the plaintiff and for the care and maintenance of the four minor children of the parties, said payments to be made on or before Wednesday of each week until further order of this Court.”
On the 11th day of February, 1953, the respondent filed a petition “for reduction of alimony and support money.” In the petition for reduction of alimony and support money, the petitioner, respondent here, alleged that at the time of the final decree the Court was not fully and completely advised as to his financial status, and further alleged :
“4. That the Court failed to recognize the well settled principle of law of force and effect in this State that alimony and support should be determined by a proper consideration not *680 only of the needs of the wife but in equal measure the ability of the husband to pay.
“5. That the defendant during- the month of January, 1952, grossed the sum of $1,927.51 as evidenced by the testimony taken in the within cause. (T 39.) That for the month of January, 1953, defendant has earned an amount less than he earned in the previous January 1952, towit, the sum of $1,689.00. Therefore, there would appear to be a decrease in defendant’s earnings for the beginning of the year 1953.”
The respondent did not file any petition -for a rehearing or any appeal from the final decree. The effect of paragraph No. 4 of the petition for modification of alimony and support money is, an attempt to have another Judge of the Eleventh Judicial Circuit act as an appellate court to review a portion of a final decree entered by another Judge of the same Circuit Court. Such a procedure is not authorized.
Paragraph No. 5 of the petition for modification is limited to what petitioner claims his gross earnings were for the month of January, alone, and as shown by this record, was filed 36 days after the entry of the final decree. In the petition the respondent admitted that his gross earnings for the year 1952 amounted to $22,041.66. The respondent is a professional man arid the record shows he has an extensive practice as a psychiatrist.
Gross or net earnings of a professional man 'for a period of one month is not a proper criterion upon which to base an order for modification of a decree fixing the amount to be paid for alimony and support money for four minor children. Fees in such a profession go up or down from month to month, from season to season, and from year to year, and because the fees or earnings may decrease during one particular month during a year, is no excuse for modifying a final decree only 36 days old.
The petition for certiorari be and the same is hereby granted, and that part of the order modifying the amount to be paid for alimony and support money for the four minor children be and the same is hereby quashed, with directions to take proper proceedings to fix and order paid a fee to the petitioner for the services of her attorney rendered in the Circuit Court in opposing the petition for modification.
ROBERTS, C. J., and TERRELL and HOBSON, JJ., concur.