347 So.2d 418 (1977)
Joseph T. GARO, Petitioner,
v.
Agnes Mae GARO, Respondent.
No. 49282.
Supreme Court of Florida.
June 2, 1977.
Joseph T. Garo, in pro. per.
HATCHETT, Justice.
By petition for writ of certiorari, we have for review a decision of the Fourth District Court of Appeal reported at 327 So.2d 845 (Fla. 4th DCA 1976), which conflicts with Ratner v. Ratner, 297 So.2d 344 (Fla. 3d DCA 1974), and State ex rel. Trezevant v. McLeod, 126 Fla. 229, 170 So. 735 (1936), thereby vesting jurisdiction in this court pursuant to Article V, Section 3(b)(3), Florida Constitution.
This case involves the validity of an order holding petitioner in contempt for nonpayment of alimony. The trial court made no specific finding that petitioner was presently able to pay any amounts due, but found him to be in willful default. The Fourth District Court of Appeal affirmed.
*419 Petitioner contends that the order of contempt is fatally defective in that it lacks specific findings as to his present ability to pay. We agree and have so held in Faircloth v. Faircloth, 339 So.2d 650 (Fla. 1976):
We hold a trial judge must make an affirmative finding that either (1) the petitioner presently has the ability to comply with the order and willfully refuses to do so, or (2) that the petitioner previously had the ability to comply, but divested himself of that ability through his fault or neglect designed to frustrate the intent and purpose of the order.
Accordingly, the decision of the District Court is quashed and the cause remanded to the trial court with directions to make the required findings, if supported by the record, or otherwise vacate the order of contempt.
It is so ordered.
OVERTON, C.J., and ADKINS, BOYD, ENGLAND, SUNDBERG and KARL, JJ., concur.