350 So.2d 538 (1977)
Raymond M. HAMRA, Appellant,
v.
Barbara HAMRA, Appellee.
No. 77-1427.
District Court of Appeal of Florida, Third District.
October 4, 1977.
William J. Brown, Miami, for appellant.
Markus, Winter & Spitale, Miami, for appellee.
Before BARKDULL, HAVERFIELD and HUBBART, JJ.
HUBBART, Judge.
By this interlocutory appeal, we are asked to review an order holding the appellant-husband [Raymond M. Hamra] in contempt of court for failure to pay a child support award entered previously by the trial court in a marriage dissolution action. The order permits the husband to purge himself of contempt upon payment of the child support arrearages at a date and time certain or otherwise serve thirty days in the county jail.[1] We reverse.
The law is clear that in order to hold a party in willful contempt of court *539 and imprison said party for non-payment of a money judgment or other court order requiring the payment of money, the trial court "must make an affirmative finding that either (1) the [said party] presently has the ability to comply with the order and willfully refuses to do so, or (2) that the [said party] previously had the ability to comply, but divested himself of that ability through his fault or neglect designed to frustrate the intent and purpose of the order." Faircloth v. Faircloth, 339 So.2d 650, 651 (Fla. 1976). See also Altieri v. Altieri, 341 So.2d 525 (Fla. 1st DCA 1977); Pearce v. Pearce, 341 So.2d 282 (Fla. 1st DCA 1977). No such finding is contained in the contempt order in this case. Accordingly, the order appealed from is reversed and the cause remanded to the trial court to make the above affirmative finding if supported by the record herein or otherwise to vacate the order of contempt.
Reversed and remanded.
NOTES
[1] The contempt of court order in this cause reads as follows:

"THIS CAUSE having come on to be heard upon Notice to Show Cause, and the Court having heard argument of counsel and having taken testimony and being otherwise fully advised in the premises finds as follows:
1. That the Respondent, RAYMOND M. HAMRA, is in arrears in child support in the amount of $1,120.00 up to May 7, 1977.
2. That the Respondent, RAYMOND M. HAMRA, has not yet paid any portion of the award of attorney's fees in the amount of $18,000.00 heretofore entered by this Court.
NOW, THEREFORE, it is ORDERED and ADJUDGED:
1. That the Respondent, RAYMOND M. HAMRA, is in contempt of this Court for failure to pay the aforesaid child support.
2. That the said Respondent may purge himself of such contempt by paying the said $1,120.00 support arrearages to the Petitioner, BARBARA HAMRA, by no later than 5:00 p.m. Monday, June 20, 1977.
3. That upon Affidavit of the Petitioner, BARBARA HAMRA, or her attorneys stating that the aforesaid payment has not been made within said time limit, and without further order of this Court, the Respondent, RAYMOND M. HAMRA, shall be taken into custody and confined in the County Jail of Dade County, Florida, for a period of thirty days under the work release program.
4. That the Respondent, RAYMOND M. HAMRA, shall commence payments of $100.00 per week on account of the $18,000.00 attorney's fees heretofore ordered by this Court, said payments commencing on August 9, 1977 and continuing until said total sum of $18,000.00 is paid in full.
5. That the Exceptions to the General Master's Report be and the same are hereby denied, save and with the exception of attorney's fees heretofore awarded to the attorney for the Petitioner, BARBARA HAMRA, to wit: STUART A. MARKUS, the Court having stricken said attorney's fees from the Order of the General Master and that a hearing on that portion of the Order and upon attorney's fees for this hearing shall be by proper notice of hearing.
6. That the Respondent, RAYMOND M. HAMRA, by and is hereby ordered to follow the terms of the Order Upon the General Master's Report entered on the 9th day of June, 1977 and if any of those funds are due and payable they should be paid forthwith by RAYMOND M. HAMRA, or he shall be in contempt of Court as heretofore ordered.
DONE and ORDERED in Chambers, at Miami, Dade County, Florida, this 22 day of June, 1977, nunc pro tunc as of June 9, 1977.
 /s/ SAM I. SILVER
 CIRCUIT JUDGE"
We do not interpret this order as finding the husband in contempt of court for non-payment of the attorney's fee award or as imposing any jail sentence upon failure to pay such award coupled with appropriate purging provisions. If such an order is entered upon remand in this cause, the requirements set forth in Faircloth v. Faircloth, 339 So.2d 650, 651 (Fla. 1976), must be followed as hereinafter discussed in the text of this opinion.