BASKIN, Judge.
We reverse the decision of the trial court ratifying the report of the general master and finding the husband in contempt of court, with a sentence of ninety days in the county stockade. The contempt order fails to recite that the husband had the ability to make the payments which are the subject of the contempt proceeding, or that he previously had the ability to comply but divested himself of that ability through fault or neglect designed to frustrate the purpose and intent of the order. Garo v. Garo, 347 So.2d 418 (Fla.1977); Faircloth v. Faircloth, 339 So.2d 650 (Fla.1976); and Failla v. Failla, 379 So.2d 1329 (Fla. 3d DCA 1980).
We note additional error. The order of the trial court finds the husband to be in contempt of court for failing to pay medical bills of his children. Although we recognize the husband has failed to obtain a major medical policy as required by the provisions of the final judgment, we find that the final judgment did not obligate the husband to pay all medical bills, but rather required him to pay “all major medical and all dental bills not covered by the major medical policy. . . The husband was therefore held in contempt for failing to do something he was not ordered to do by the final judgment.
For these reasons, the decision of the trial court is reversed.
Opinion filed June 25, 1980.
An Appeal from the Circuit Court for Dade County, Dick C. P. Lantz, Judge.
Brown, Malman, Salmon & Collins and Michael H. Salmon, for appellant.
Shirley Woolf and George Sampas, for appellee.
Before HENDRY and BASKIN, JJ., and PEARSON, TILLMAN (Ret.), Associate Judge.

ON MOTION FOR CLARIFICATION

PER CURIAM.
We clarify our opinion dated May 13, 1980 as follows: The decision of the trial court is reversed with regard to the matters discussed in our opinion. In all other respects, the decision is affirmed. The cause is remanded for further proceedings in accordance with our opinion. In all other respects, the rehearing is denied.