407 So.2d 374 (1981)
Shirley Griffin O'BRIEN, Appellant,
v.
William James O'BRIEN, Appellee.
No. ZZ-455.
District Court of Appeal of Florida, First District.
December 18, 1981.
*375 Albert H. Mickler, Jacksonville, for appellant.
Wayne E. Flowers, Jacksonville, for appellee.
PER CURIAM.
The wife brings this appeal from an order modifying the husband's child support obligation established nine months earlier in the final judgment of dissolution. The order reduces the support from $100.00 per week for the parties' two minor children to $25.00 per week for the children, but provides for reconsideration of the question of child support in five months.[1] We affirm.
The husband testified that he is unable to meet the financial requirements made of him by the terms of the decree because his home improvement business, which in the past year had netted him $28,000, suffered a considerable slump due to the depressed economy.[2] At the time of the hearing, the husband was netting approximately $158.00 per week after taxes, and his expenses amounted to $408.19, giving him a weekly deficit of $249.65. The wife was employed making $638.80 per month and received a rent free apartment valued at $295.00 per month as part of her pay as a resident manager of an apartment complex. With respect to her expenses for the children, she testified that the children continued to have support needs of $400.00 per month.
Although the modification order allows the husband to pay less than the needs of the children require, we cannot say the trial judge abused his discretion based upon the evidence of changed conditions causing the husband to be unable at this time to contribute a more reasonable and realistic allowance for support. While we agree that $25.00 per week is clearly inadequate to support the children, we recognize as equally true that the sums left to the husband after making the support payments and meeting the other financial requirements of the divorce decree are even less adequate for his support.
We recognize that decrees providing for child support are impermanent in character and are res judicata of issues only so long as the facts and circumstances of the parties remain the same as when the decree was entered. Eaton v. Eaton, 238 So.2d 166 (Fla. 4th DCA 1970). The law is clear, however, that a modification may be granted only upon a showing of substantial, material, involuntary, and permanent changes. Section 61.13, Florida Statutes (1949); In Re Marriage of Johnson, 352 So.2d 140 (Fla. 1st DCA 1977). We caution, however, that a strong showing should be required before a modification is granted based upon an alleged change in economic or market conditions, and this is especially so when the party seeking a reduction in child support payments is operating in an entrepreneurial capacity. See Gardner v. Gardner, 64 So.2d 679 (Fla. 1953); Chastain v. Chastain, 73 So.2d 66 (Fla. 1954). It goes without saying (without any suggestion or inference that appellee has done so) that one so engaged can easily record a drastic fluctuation in income by the degree of initiative employed in securing and accepting remunerative work or business.
We further emphasize that by our affirmance of the order appealed we do not sanction the relitigation of support and alimony awards under the guise of modification proceedings filed only a few months *376 after the date of the final decree.[3] We affirm the order appealed by treating the trial court's order as one granting the husband a five month respite from his support obligation after which he will have the burden of proving that he does not have the financial ability to resume paying the $100.00 per week child support ordered in the final judgment or that he does not have the potential to gain other employment equal to his capabilities so that he can meet his financial obligations. See Desilets v. Desilets, 377 So.2d 761 (Fla.2nd DCA 1979).
Accordingly, the order appealed is AFFIRMED.
McCORD, LARRY G. SMITH and WENTWORTH, JJ., concur.
NOTES
[1] The order also makes changes in other provisions of the final judgment, but these matters are not the subject of this appeal.
[2] Our references to the testimony are taken from a statement of the evidence under Rule 9.200(b)(3), as approved by the trial court.
[3] The motion for modification in this case was filed less than six months, and the hearing was held only nine months, after the final decree.