PER CURIAM.
The trial court’s order holding the appellant-husband in contempt for failure to pay certain court-ordered temporary support payments to his wife and providing for the husband’s incarceration in the event that the determined arrearages are not fully paid within seven days is reversed because the order does not contain the requisite finding that the husband willfully failed to make such payments despite his then-present ability to do so.[1] Garo v. Garo, 347 So.2d 418 (Fla.1977); Faircloth v. Faircloth, 339 So.2d 650 (Fla.1976); DuBois v. DuBois, 412 So.2d 23 (Fla. 3d DCA 1982); Halpern v. Halpern, 384 So.2d 889 (Fla. 3d DCA 1980); Blum v. Blum, 382 So.2d 52 (Fla. 3d DCA 1980); Failla v. Fallia, 379 So.2d 1329 (Fla. 3d DCA 1980); Murphy v. Murphy, 370 So.2d 403 (Fla. 3d DCA 1979); Hamra v. Hamra, 350 So.2d 538 (Fla. 3d DCA 1977). This deficiency in the trial court’s order is not remedied, as the wife contends, by the fact that the husband’s financial affidavit, filed a month earlier, reflects that in fact he had the ability to pay. Murphy v. Murphy, supra.
Reversed.

. Nor does the order contain the possible alternative finding that the husband willfully rendered himself unable to pay by divesting himself of assets.