418 So.2d 1065 (1982)
Marc RUBIN, Appellant,
v.
Madeline RUBIN, Appellee.
No. 81-2234.
District Court of Appeal of Florida, Third District.
August 3, 1982.
Rehearing Denied September 24, 1982.
*1066 Harvey D. Rogers, Miami, for appellant.
Joel V. Lumer, Miami, for appellee.
Before HENDRY and DANIEL S. PEARSON, JJ., and MELVIN, WOODROW M. (Ret.), Associate Judge.
HENDRY, Judge.
Appellant, Marc Rubin, appeals from an order holding him in contempt for failure to pay $13,500 in child support and alimony arrearages, denying his petition to modify the terms of the final judgment of dissolution incorporating a property settlement and child custody agreement entered into by the parties, and awarding appellee medical expenses, a motor vehicle and attorney's fees.
That portion of the trial court's order holding appellant in contempt and providing for his incarceration in the event the arrearages are not paid, is affirmed. The order contains the requisite finding that appellant wilfully failed to make such payments despite his then-present ability to do so, Garo v. Garo, 347 So.2d 418 (Fla. 1977); Faircloth v. Faircloth, 339 So.2d 650 (Fla. 1976); Halpern v. Halpern, 384 So.2d 889 (Fla. 3d DCA 1980); Murphy v. Murphy, 370 So.2d 403 (Fla. 3d DCA 1979), cert. denied, 383 So.2d 1199 (Fla. 1980); Adams v. Adams, 357 So.2d 264 (Fla. 3d DCA 1978), a finding supported by the evidence, and provides that appellant may purge himself of the contempt by payment of his outstanding obligations. Hammond v. Sandstrom, 376 So.2d 466 (Fla. 3d DCA 1979).
Nor do we find any abuse of discretion in the trial court's denial of appellant's petition for modification of the final judgment on the basis that there is no credible evidence that circumstances had substantially changed to justify modification. In fact, as the trial court found and the record affirms, appellant's monetary position has improved since the settlement agreement was entered into as demonstrated by his own testimony and financial affidavit. Thus, appellant has not met the heavy burden required to modify an alimony and child support obligation based on an agreement between the parties. O'Brien v. O'Brien, 407 So.2d 374 (Fla. 1st DCA 1981); Jaffee v. Jaffee, 394 So.2d 443 (Fla. 3d DCA 1981); Floyd v. Floyd, 393 So.2d 22 (Fla. 2d DCA 1981).
Lastly, no reversible error has been demonstrated in the trial court's enforcement of provisions of the final judgment concerning medical expenses and an automobile for appellee, nor the attorney's fee award to appellee at the contempt proceedings.
Affirmed.