HERSEY, Judge.
Appellant, ex-wife, appeals an order extinguishing the liability of appellee, ex-husband, to pay for the college education of his adult child.
In dissolution of marriage proceedings in 1976 the parties agreed in open court that the husband would pay for the college education of the parties’ son. The stipulation was memorialized in paragraph 12 of the final judgment entered in those proceedings:
12. It is further ordered that the husband shall be responsible to provide the college education for the parties’ minor son, Ernest C. Farmer, III, providing husband’s ability to do so at the time of Ernest C. Farmer, III reaches the college age is adequate.
The sole condition precedent to ex-husband’s liability under this provision is his financial ability to perform. The record contains no evidence of financial inability, nor is there evidence of any other substantial change of circumstances. Accordingly, modification was inappropriate. See e.g., O’Brien v. O’Brien, 407 So.2d 374 (Fla. 1st DCA 1981); Jaffee v. Jaffee, 394 So.2d 443 (Fla. 3d DCA 1981); Floyd v. Floyd, 393 So.2d 22 (Fla. 2d DCA 1981); Rubin v. Rubin, 418 So.2d 1065 (Fla. 3d DCA 1982). We therefore reverse the order which modified the provision in paragraph 12.
REVERSED and REMANDED.
DOWNEY and DELL, JJ., concur.