COBB, Chief Judge.
This ease involves the validity of an order holding the appellant in contempt of court for failure to pay certain monthly obligations. The lower court found that these monthly payments, which were the appellant’s obligations under the terms of a property settlement agreement, were in the nature of alimony, rather than in the nature of a property right. The court con- *670 eluded that the appellant’s failure to make these payments was properly punishable by a contempt order.
We agree with the trial court’s finding that the monthly payments were alimony, based on ambiguities found in the property settlement agreement, and based on the appellant's failure to provide this court with a sufficient record to allow full review of this finding. The lower court made no finding that the appellant was able to pay the amounts due, however. This was error under Garo v. Garo, 347 So.2d 418 (Fla.1977). Accordingly, we quash the order and remand this cause to the trial court with directions to make the required finding, if supported by the record, or otherwise to vacate the order of contempt.
QUASHED and REMANDED.
FRANK D. UPCHURCH, Jr. and SHARP, JJ., concur.