589 So.2d 944 (1991)
Fredrick THOMAS, Appellant,
v.
Janell THOMAS, and the State of Florida, Department of Health and Rehabilitative Services, Appellees.
No. 90-2623.
District Court of Appeal of Florida, First District.
October 21, 1991.
*945 Thomas W. Lager, of Lager & O'Steen, P.A., Tallahassee, for appellant.
Joseph R. Boyd and William H. Branch, Boyd & Branch, P.A., Tallahassee, and Chriss Walker, Dept. of Health and Rehabilitative Services, for appellees.

ON MOTION FOR CLARIFICATION
ERVIN, Judge.
Appellant, Fredrick Thomas, seeks review of an order denying his supplemental petition for modification of his child support obligation. He contends that the trial court abused its discretion in finding no substantial change in circumstances so as to justify modification, in not granting his motions to strike and for rehearing filed in connection with the admission of a deposition taken post-hearing, and in failing to award him a reasonable attorney's fee. Because we conclude that the trial court erroneously admitted and relied on the post-hearing deposition, we reverse and remand without reaching the merits of the other two issues.
The facts pertinent to this appeal show that the final judgment of dissolution of marriage was entered on November 12, 1987. Appellee, Janell Thomas, was awarded primary residential custody of the parties' two minor children, and appellant was required to pay child support in the amount of $1,000 per month. Appellant first petitioned for modification of his child support obligation in December 1988. That petition was denied, and this court per curiam affirmed the order of denial. See Thomas v. Thomas, 559 So.2d 222 (Fla. 1st DCA 1990) (Thomas I).
On December 8, 1989, appellant filed a second petition for modification, alleging a *946 substantial change in circumstances had occurred in that he had lost his primary means of support and income, and that attempts to secure employment at the same level had been to no avail. At the hearing held on June 15, 1990, appellant testified regarding his unsuccessful attempts to secure employment at a level comparable to that which he had held with Blinder Robinson. He also presented evidence that his association with Blinder Robinson so tainted him in the brokerage industry that it was unlikely he would be able to secure employment with a major brokerage firm in the future. Appellant showed that each position he had held since his termination from Blinder Robinson had been lost or income had been limited due to factors beyond his control. As for his current position, appellant had been employed since January 1990 as an independent contractor in a financial consultant position. Because appellant had not yet developed a large client base, and because he was paid only commissions, he had not earned sufficient money in any month to cover his overhead expenses. In fact, appellant testified that he had borrowed $8,000 from the bank in the past month. After he had established himself, appellant believed he could earn approximately $2,500 per month, less overhead of approximately $1,800.
None of the above evidence was discredited, as appellee presented no witnesses in her behalf and conducted little, if any, cross-examination. Nonetheless, the trial court entered an order denying the modification petition based on findings that appellant was suppressing his earning ability and spending money to keep from showing any assets until the modification proceeding had been decided, and that he was capable of earning substantially more than when he signed the stipulation that was incorporated in the final judgment of dissolution. In so doing, the court's order specifically referred to appellant's testimony and the deposition of appellant's business partner, Elizabeth Akom, which was taken on July 16, 1990, approximately one month after the final hearing.
Akom's deposition revealed that she was a fifty-percent owner of North Florida Asset Management Corporation, which was established in 1988. Although appellant's current wife was the other half-owner, Akom stated that it was appellant, not his wife, who worked with her. The deposition further revealed that when Akom asked appellant in November 1989 why he did not own the shares, he told her that he could not show assets until after the child support case had been concluded. She also testified that the corporation reported debt that was appellant's own personal debt and that appellant used the corporate account as his own personal checking account. When she discussed why appellant did not bring in business, she stated he was adamant about not showing any new accounts or income until after the child support case.
Upon receipt of a copy of the final order, appellant filed a motion to strike Akom's deposition. He alleged that appellee had taken the deposition post-hearing, failed to give him notice of the taking or the filing of the deposition, and failed to provide him with a copy thereof. Appellant also moved for reconsideration/rehearing, contending that the trial court improperly relied on the Akom deposition.
Appellee's trial counsel[1] admitted that he had inadvertently failed to give notice of the taking of the deposition to appellant, but argued that the court did not need to rely on the deposition, because there was ample evidence justifying the denial of appellant's petition. The trial court thereafter denied appellant's motions, stating that even without the Akom deposition there was sufficient evidence to show that appellant had the current ability to pay the required child support. We cannot agree.
In regard to the trial court's reliance on the Akom deposition, we note initially that the proper standard of review for orders denying motions to strike and for rehearing is abuse of discretion. Cem-A-Care of Fla., Inc. v. Automated Planning Sys., 442 So.2d 1048 (Fla. 4th DCA 1983); Monarch Cruise Line, Inc. v. Leisure *947 Time Tours, Inc., 456 So.2d 1278 (Fla. 3d DCA 1984).
Florida Rule of Civil Procedure 1.310 provides, in pertinent part, as follows:
(b)(1) A party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action... .
* * *
(f)(3) A copy of a deposition may be filed only:
(A) By a party or the witness when the contents of the deposition must be considered by the court on any matter pending before the court. Prompt notice of the filing of the deposition shall be given to all parties unless notice is waived. A party filing the deposition shall furnish a copy of the deposition or the part being filed to other parties unless the party already has a copy.
In the instant case, it is undisputed that appellee's trial attorney failed to give appellant notice of either the taking of the deposition or the filing thereof, and that he likewise failed to provide appellant with a copy. Consequently, it is clear that appellee violated the above procedural rule, and the trial court abused its discretion by denying appellant's motions to strike and for rehearing. Because the court obviously relied on Akom's admittedly damaging deposition in reaching its decision to deny appellant's supplemental petition for modification, the final order must be reversed and the matter remanded for further proceedings. On remand, the trial court may, in its discretion, allow appellee to depose Elizabeth Akom upon proper notice and compliance with the rules of civil procedure. Appellant would, of course, have the opportunity to be present and confront the witness.
Turning next to the trial court's decision to deny appellant's petition, although we decline to rule on the merits regarding whether appellant proved a substantial change in circumstances so as to justify the modification, nonetheless, because the matter will be reconsidered on remand, some discussion of this issue is necessary. Section 61.14(1), Florida Statutes (1989), allows a party to seek modification of an existing child support order because of a change in circumstances. A reduction in child support may be warranted upon changed circumstances which are substantive, material, involuntary, and permanent in nature. O'Brien v. O'Brien, 407 So.2d 374, 375 (Fla. 1st DCA 1981); In re Marriage of Johnson, 352 So.2d 140, 141 (Fla. 1st DCA 1977). However, the clean hands doctrine prevents a court from relieving a party of his support obligation when the decrease in financial ability to pay is brought about by that party's voluntary acts of, for example, permitting a thriving business to be closed down and making no effort to find other employment, or by willfully divesting himself/herself of the ability to pay. Waskin v. Waskin, 484 So.2d 1277, 1277-78 (Fla. 3d DCA), review denied, 494 So.2d 1153 (Fla. 1986). Moreover, a strong showing is required before a modification is granted upon a change in economic or market conditions, and this is especially true when the party seeking the reduction is operating in an entrepreneurial capacity. It goes without saying that one so engaged can easily record a drastic fluctuation in income by the degree of initiative employed in securing and accepting remunerative work or business. O'Brien, 407 So.2d at 375.
In the instant case, appellant produced evidence regarding his employment history which was identical to that produced at the first modification hearing held in April 1989, including his dismissal from Blinder Robinson. Because this court found that evidence insufficient when it considered Thomas I, it is likewise insufficient at this time. As for the period following April 1989, appellant introduced evidence from which it was shown that he was earning substantially less income and that he did not have the current ability to pay the $1,000 per month child support. Both appellant and his expert testified as to the taint surrounding Blinder Robinson and how association with that company would substantially reduce employment opportunities within the industry. Neither appellant's job as a car salesman, a position from which he was involuntarily terminated, nor his other personal services (OPS) *948 employment with the state provided him with sufficient funds to pay the required child support. As none of this evidence was discredited, it would appear that the trial court abused its discretion in denying appellant's petition for modification. See, e.g., Hackney v. Hackney, 560 So.2d 423 (Fla. 4th DCA 1990) (husband's loss of executive position and current unemployment constituted adequate grounds for modification); Haas v. Haas, 552 So.2d 252 (Fla. 4th DCA 1989) (surgeon husband who lost operating privileges due to alcoholism, thereby causing reduction in income, constituted sufficient change of circumstances to warrant reduction of alimony).
We note, however, that there is some question as to whether appellant was acting in good faith in connection with his reduced income. The law is clear that when a spouse reduces his or her income to avoid compliance with a support obligation and is not currently acting in good faith to increase earnings back to the previous level, his or her request for modification should be denied. McConnell v. McConnell, 552 So.2d 237, 239 (Fla. 1st DCA 1989). The problem we see is that the trial court failed to make explicit findings in this regard. Rather, it generally referred to appellant's testimony and expressly linked its bad-faith finding to the objectionable Akom deposition. When appellant argued on rehearing that the court had improperly considered the deposition, the court responded by stating that even without Akom's deposition, which the court admitted was damaging to appellant, there was sufficient evidence to show appellant had the current ability to earn sufficient income to pay the $1,000 per child support. Under the circumstances, it is not clear whether the trial court denied the modification based on current ability to pay, which is not supported by the record, or bad faith in limiting his income, which might conceivably be supported by evidence exclusive of the Akom deposition.[2] Consequently, on remand the trial court should properly consider the good faith test and make appropriate findings thereon. See McConnell.
As for the trial court's refusal to award a reasonable attorney's fee to appellant, because it appears that the court's decision on this issue was related to its determination that appellant had the ability to pay child support, this issue must likewise be reversed and remanded for reconsideration.
REVERSED and REMANDED for further proceedings consistent with this opinion.
WIGGINTON, J., and CAWTHON, Senior Judge, concur.
NOTES
[1] Appellee is represented by different counsel on appeal.
[2] For instance, appellant himself testified that he voluntarily left his OPS job. He did so to open his own office in Crawfordville, rather than Tallahassee, where he testified he would have to bring in accounts totaling $250,000 per month in order to earn $2,500 per month in commissions. He estimated his overhead expenses to be $1,800 per month; consequently, he had not yet earned enough in commissions to cover his overhead. In fact, appellant testified that he had had to borrow $8,000 in the past month. Even appellant's most optimistic view of his current job  $2,500 in commissions earned each month less overhead of $1,800  would only net him $700 per month, which is less than what he had earned in the OPS position. Moreover, appellant previously accepted employment as an independent contractor for a securities company and attributed lack of income on the time it took to transfer his license, a process with which he would have been well acquainted. See O'Brien. Finally, appellant attempted to show increased monthly expenses by listing the cost for all three people in his household on his financial affidavit.