PER CURIAM.
The issue in this case involves the mother’s responsibility for medical and psychological expenses incurred by the father for the benefit of the parties’ minor child as established by a settlement agreement executed by the parties and incorporated into their dissolution of marriage judgment. The settlement agreement provides that each parent must jointly approve “major” medical, dental, institutional, psychiatric or other care, and further provided that, should the parents not agree, the issue should be submitted to the court for approval. According the terms of the agreement, each parent is also financially responsible to pay half of all “other” medical, psychological, hospital and dental expenses not covered by insurance.
The father filed a motion in the circuit court to collect from the mother her share of the child’s past medical expenses dating back to a period shortly after the parties’ divorce. During the hearing on the motion, the mother objected to some of the bills because there was no showing that she had agreed to the medical treatment before it was provided. The mother particularly objected to bill for psychological treatment because she believed such treatment was sought to support the father’s effort to change custody. The court, while stating that it understood her “objection,” ordered the mother to reimburse the father for the requested medical expenses. The trial court did not allow the mother to *125 testify during the hearing. By so doing, the trial court deprived the mother of her right to due process. Accordingly, we must reverse the reimbursement order.
The trial court’s order requiring the mother to reimburse the father for past medical expenses is reversed and this matter is remanded for further proceedings. On remand,the trial court shall consider admissible evidence and determine whether the terms of the parties’ settlement agreement require the mother to pay for one half of the medical expenses incurred by the father on behalf of the child. In making this determination, the trial court must decide whether the expenses challenged by the mother required “major” decisions as defined in the parties’ agreement.
REVERSED.
HARRIS, THOMPSON and ANTOON, JJ., concur.