782 So.2d 952 (2001)
FLORIDA DEPARTMENT OF REVENUE on Behalf of Linda WILSON, Appellant,
v.
Donald S. WILSON, Appellee.
No. 2D99-2674.
District Court of Appeal of Florida, Second District.
April 6, 2001.
*953 Robert A. Butterworth, Attorney General, Tallahassee, and Jon J. Johnson, Assistant Attorney General, Tampa, for Appellant.
No appearance, for Appellee.
SALCINES, Judge.
The Florida Department of Revenue on behalf of the former wife, Linda Wilson, appeals the trial court's order which required the recalculation of child support payments and retroactively terminated child support payments made by Donald S. Wilson, the former husband, on behalf of one child as of August 7, 1996. We hold that the trial court properly modified the child support award; however, the selected recalculation date is erroneous.
The former wife and former husband entered into a marital settlement agreement on June 2, 1988, which was incorporated into the final judgment of dissolution of marriage. Pursuant to the terms of the agreement, the former husband was to pay child support for their two children in the amount of $40.00 per week, "per child until such time as each such child shall reach the age of eighteen (18) years, marries, dies, becomes self-supporting, or is no longer living with the [former wife]."
On March 22, 1993, the former wife's supplemental petition for modification of child support was filed. A hearing was conducted before the child support hearing officer for Pinellas County on June 24, 1993, to consider the petition and a stipulation filed by the former husband. On July 12, 1993, the trial court signed its order which adopted the Findings of Fact and Recommendations of the child support hearing officer. The adopted recommended order stated that the former husband "shall pay $140.00 per week as current child support [plus a sum certain toward arrears and a clerk's fee]." This increased child support payment amount was made retroactive to March 26, 1993, the Friday after the filing of the former wife's supplemental petition.
On June 27, 1997, the former husband filed a motion to terminate child support as to the emancipated child with a request *954 for reimbursement of support, and for attorney fees and costs. In the motion, the former husband stated that on August 7, 1996, his eldest daughter reached eighteen years of age and that he had unsuccessfully attempted to terminate child support payments through the child support office. The former husband sought an order terminating support for that child retroactive to August 7, 1996, as well as reimbursement for support paid for that child thereafter.
A supplemental complaint and motion was filed by the former husband on February 25, 1998, which encompassed the requests of the previous motion and cured technical defects. Then again, on April 9, 1998, the former husband filed a motion to terminate support for the emancipated child and to terminate payment on arrears.
A hearing was conducted to consider the former husband's original motion to terminate child support. On May 22, 1998, the trial court entered an order terminating the child support for the emancipated child as of that date. The former husband was ordered to pay $140.00 bi-weekly for the remaining minor child. The trial court further ordered the parties to cooperate and to complete the child support guidelines for the unemancipated child. The order stated, "The former husband shall be entitled to a credit against future support payments equal to the amount he has overpaid." The trial court did not further elaborate about these overpayments.
On November 19, 1998, a second hearing was conducted to consider the former husband's supplemental complaint and the most recently filed motion to terminate. Thereafter, the trial court entered the June 7, 1999, order which is the subject of this appeal. The order held that child support should be recalculated from June 12, 1993, the date the first modification was made, to determine what portion of the $140.00 child support payment should be attributed to the emancipated child. The order further stated that the child support for the emancipated child was terminated as of August 7, 1996, the child's birthday. The trial court noted that while the June 12, 1993, order modified the amount and computation of the child support, "it did not change the terminus of child support."
We note that June 27, 1997, was the earliest that the former husband requested relief from the trial court through his first motion to terminate child support. When the child support provision fails to allocate the amount of support attributable to each child, the trial court cannot retroactively terminate child support before the date the petitioner requested such relief. See State, Dep't of Revenue, Child Support Enforcement v. Segrera, 661 So.2d 922, 923 (Fla. 3d DCA 1995); see also Fla. Dep't of Revenue ex rel. McClung v. McClung, 760 So.2d 244, 245-46 (Fla. 3d DCA 2000) (holding when total child support award is expressly allocated between two or more children, upon the happening of qualifying event child support for affected child automatically terminates). The child support should not have been terminated before the date of the filing of the former husband's first motion: June 27, 1997.
Accordingly, we affirm the trial court's order that the child support due for each child as of June 12, 1993, should be recalculated. We reverse the trial court's determination of the recalculation date and order that the former husband shall be awarded credit for those sums paid by him for the benefit of the emancipated child commencing June 27, 1997, through May 22, 1998, the date of the trial court's order terminating child support for the emancipated child.
*955 Affirmed in part, reversed in part, and remanded with directions.
PARKER, A.C.J., and ALTENBERND, J., concur.