WHATLEY, Acting Chief Judge.
Lynn Krause, the mother, appeals a trial court order denying her motion to set aside a report and recommendation of the general master. The trial court, which adopted the report and recommendation, modified the obligation of Randall Krause, the father, to pay child support and found that the father was not responsible for any portion of the youngest child’s orthodontic expenses. We conclude that the trial court erred in adopting the report and recommendation of the general master, and we therefore reverse.
The father filed a petition to modify child support, requesting that his child support obligation be reduced to reflect the emancipation of two of the parties’ three children.[1] Thereafter, the mother filed a motion for contempt based on several allegations, including the father’s failure to pay his portion of their youngest child’s orthodontic expenses. The general master found that child support for the parties’ oldest child, David, should be modified retroactive to the date he became eighteen years old, April 4, 1997, and that child support for their second child, Dennis, should be modified retroactive to the date he graduated from high school, June 3, 1999. We conclude that the general master erred in finding that child support *77 for both children should be modified to a date prior to the filing of the father’s petition, and consequently, the trial court erred in adopting the general master’s finding.
This court’s recent decision in Florida, Department of Revenue ex rel. Wilson v. Wilson, 782 So.2d 952 (Fla. 2d DCA 2001), is on point and requires reversal here.[2] In Wilson, this court held, “When the child support provision fails to allocate the amount of support attributable to each child, the trial court cannot retroactively terminate child support before the date the petitioner requested such relief.” 782 So.2d at 954. In the present case, the child support provision in the final judgment fails to allocate the amount of support attributable to each child, and therefore, the general master erred in retroactively terminating child support for both David and Dennis before the date the father filed his petition for modification of child support, January 4, 2000. Although the mother failed to provide to the trial court a transcript of the hearing before the general master, such failure is not fatal to her position because the error in the general master’s report and recommendation is apparent on the face on the record. See Southeast Bank, N.A. v. David A. Steves, P.A., 552 So.2d 292 (Fla. 2d DCA 1989). We reverse the trial court order and remand with directions that child support for David and Dennis should not be modified prior to January 4, 2000. We recognize that the rule set forth in Wilson can be harsh. For example, a parent responsible for child support may delay in requesting a modification that would result in lower total child support. Yet we see no other remedy if child support is not set forth in specific amounts as to each minor child in the final judgment.
The mother also correctly contends that the general master erred in finding that the father was not responsible for any portion of their youngest child’s orthodontic expenses. The general master found that the father was not responsible for this expense, because the mother did not consult him regarding the orthodontic treatment and he did not consent to such treatment. We conclude that this finding is also erroneous on the face of the record, and consequently, the trial court improperly adopted the finding.
The marital settlement agreement, which was incorporated into the final judgment of dissolution of marriage, specifically provided that “the parties will equally divide all reasonable and necessary medical, dental, orthodontic, and optical expenses incurred by the children which are not covered by insurance.” There was no provision in the marital settlement agreement providing that each parent must jointly approve the above expenses. Cf. Velasquez v. Rueda, 736 So.2d 124 (Fla. 5th DCA 1999) (discussing settlement agreement which provided that each parent must jointly approve “major” medical, dental, institutional, psychiatric or other care). Therefore, the issue before the general master was the reasonableness and the necessity of the orthodontic expenses, and the mother’s failure to consult the father regarding such treatment was not a defense to his failure to pay.[3] Therefore, the general master erred in finding that *78 the father had no obligation to pay for half of the child’s orthodontic expenses because of the mother’s failure to consult him regarding the expense. On remand, the father should have the right to contest the necessity and reasonableness of the orthodontic expenses in issue. Once a reasonable amount is determined, he may also challenge whether contempt is appropriate based on his ability to pay.
Reversed and remanded with directions.
GREEN, J., and DANAHY, PAUL W., (Senior) Judge, Concur.

. Previously, the father had filed a modification petition when the oldest child became emancipated. He subsequently dismissed that petition when he determined that recalculated child support at that time would be higher for the two remaining minor children than the initial amount of child support for all three children.

. The trial court did not have the benefit of Florida Department of Revenue ex rel. Wilson v. Wilson, 782 So.2d 952 (Fla. 2d DCA 2001), at the time of the hearing on the mother's motion to set aside the report and recommendation of the general master.

. The mother contends that she did provide the father with notice of the orthodontic treatment and offered him the opportunity to obtain a second opinion.