DAVIS, Judge.
In these consolidated appeals, William Hammesfahr, the Former Husband, challenges the following orders of the trial court: the order denying his petition for a downward modification of the alimony and child support obligations he owes to Gina Hammesfahr, the Former Wife; the order finding him in contempt for failure to pay his support obligations; and the order granting the Former Wife’s attorney’s fees.
The parties’ marriage was dissolved by final judgment entered on June 14, 2007. The trial court subsequently entered an amended final judgment on July 30, 2007. By the amended final judgment, the trial court ordered the Former Husband to pay $8000 per month in alimony and $1456 per month in child support for his two minor children.
In his petition for modification, the Former Husband alleged that his income had dropped sharply since the entry of the amended final judgment, in which the trial court made the factual finding that his income was $278,640.[1] The Former Husband is a medical doctor specializing in neurology, and he asserted in his petition that due to a lack of patients he had to close his practice, thus causing the drop in his income. He also requested that the court modify his child support obligation because one of his children had turned eighteen since the entry of the amended final judgment.
*1131 In response, the Former Wife petitioned for an increase in alimony and sought an order finding the Former Husband in contempt for failing to make the court-ordered payments of alimony and child support.
The trial court denied both the Former Husband’s and the Former Wife’s petitions to modify alimony and found the Former Husband in contempt for failing to pay the previously ordered alimony and child support. The trial court thus ordered the Former Husband to pay $8000 on the $219,801.83 alimony arrearage and $4368 on the $10,588.97 child support arrearage within fifty-eight days, failing which a writ of bodily attachment would be entered. The court, however, failed to address the Former Husband’s request for a reduction of child support.
On appeal, the Former Husband raises four issues. First, he alleges that the trial court erred in denying his petition for downward modification of alimony and child support based on his loss of income since the entry of the amended final judgment. Second, he argues that the trial court erred in failing to reduce the child support obligation because one of his children had now reached the age of majority. Third, he maintains that the contempt order failed to meet the requirements of due process. And finally, he argues that the trial court erred in awarding the Former Wife attorney’s fees.[2]
With regard to the Former Husband’s petition to reduce his alimony obligation based on his decreased income, we affirm the trial court’s ruling as there is sufficient record evidence to support the court’s finding that the reduction in the Former Husband’s income was due to his being voluntarily underemployed. See Thomas v. Thomas, 589 So.2d 944, 947 (Fla. 1st DCA 1991) (“[T]he clean hands doctrine prevents a court from relieving a party of his support obligation when the decrease in financial ability to pay is brought about by that party’s voluntary acts of, for example, permitting a thriving business to be closed down and making no effort to find other employment, or by willfully divesting himself/herself of the ability to pay.”).
Furthermore, because the contempt order was discharged after the entry of the order denying the petitions to modify, we dismiss as moot the Former Husband’s appeal as to that order. But we reverse the trial court’s order denying the Former Husband’s request to reduce his child support because the parties’ older child clearly has reached the age of majority. It was therefore error for the trial court to fail to address that issue. See § 61.13, Fla. Stat. (2011). On remand, the trial court must calculate the proper guidelines child support amount based on one minor child and amend the award retroactive to the date of the filing of the petition to modify the child support order. See Fla. Dep’t of Revenue ex rel. Wilson v. Wilson, 782 So.2d 952, 954 (Fla. 2d DCA 2001). We also affirm the award of attorney’s fees without comment.
Affirmed in part, dismissed in part, reversed in part, and remanded.
NORTHCUTT and WALLACE, JJ., Concur.

. The Former Husband challenges the trial court’s finding in its order denying modification that he had earned more than $300,000 per year for more than twenty years prior to the dissolution of the marriage. He alleges that there is insufficient record evidence to support such a finding. Even if this is true, the finding is irrelevant. The trial court determined that there was no significant change in circumstances that would justify a downward modification of the alimony award that was based on the $278,640 income figure. Likewise, the attorney's fees award is based on that figure. Had the trial court granted the Former Wife's request to increase the alimony award, his argument would have been relevant, but based on the rulings of the trial court, it is not.

. The order awarding the Former Wife attorney’s fees was entered subsequent to the order denying the motions for modification. The Former Husband appealed this order in a separate appellate filing; however, the appeal of the attorney's fee order was consolidated with the appeal of the denial of the motion to modify.