DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**U.S. BANK TRUST, N.A.,** as Trustee for LSF9 Master
Participation Trust,
Appellant,

v.

**LUC PETRE,** et al.,
Appellees.

No. 4D19-2656

[November 18, 2020]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm
Beach County; Lisa S. Small, Judge; L.T. Case No. 2013CA012542.

Shannon Troutman of Albertelli Law, Tampa, for appellant.

No appearance for appellees.

ARTAU, J.

This is an appeal from a final summary judgment entered in favor of
Appellee, Luc Petre (the borrower), in the mortgage foreclosure proceedings
below. Appellant, U.S. Bank Trust, N.A. (the mortgagee), is a successor in
interest to the lender. On appeal, the mortgagee argues the circuit court
erred in granting the motion to strike its responses to the borrower's
request for admissions and summary judgment motion and, as a result,
erred in entering final summary judgment. We agree with the mortgagee
and reverse.

### *Background*

One of the mortgagee's predecessors initiated the foreclosure
proceedings below. In its verified complaint, the predecessor mortgagee
asserted that it had physical possession of the original promissory note
secured by the mortgage. A copy of the promissory note, indorsed in
blank, was attached to the complaint along with a certification of
promissory note possession executed under oath by the records custodian
for the law firm filing the foreclosure case. The records custodian attested
that she had reviewed the file provided by the predecessor mortgagee and

that it contained the original promissory note indorsed in blank. Both the amended and second amended verified complaints included the sworn certification and copy of the original promissory note indorsed in blank.

The borrower denied these sworn allegations in his answers to the initial and subsequently amended complaints, raising the defense of standing. The mortgagee's predecessor replied that it had standing through possession of the original promissory note indorsed in blank.

After the filing of the second amended complaint, the law firm for the mortgagee's predecessor, through one of its attorneys, filed a notice of appearance. That law firm also moved to be formally substituted as counsel of record. The substitution of counsel was granted, relieving the prior law firm, and replacing the new law firm as counsel of record. The mortgagee then succeeded its predecessor and continued to be represented by the same law firm.

Thereafter, the borrower propounded certain admissions designed to challenge standing to foreclose. A different attorney with the appearing law firm timely responded to the borrower's request for admissions, countering the challenge based on standing.

The borrower thereafter filed a motion for summary judgment, asserting that all facts set forth in his request for admissions were conclusively established by virtue of the mortgagee having failed to timely respond to his request.[1] The borrower argued in his motion that these admissions conclusively established no genuine issues of material fact existed as to lack of standing to foreclose on the mortgage at the initiation of this proceeding, entitling him to judgment in his favor as a matter of law.

The same attorney who responded to the admissions on behalf of the law firm also filed a response to the borrower's motion, arguing that the mortgagee had timely responded to the borrower's request for admissions and genuine issues of material fact remained on the issue of the mortgagee's standing to foreclose, precluding entry of summary judgment in favor of the borrower. In the response, the mortgagee directed the trial court's attention to the initial verified complaint, sworn certification of possession of the promissory note, and the copy of the attached promissory note indorsed in blank. The mortgagee also provided the court

---

[1] *See* Fla. R. Civ. P. 1.370(a) ("The matter is admitted unless the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter within 30 days . . . .").

with a copy of the mortgagee's timely answers to the borrower's request for admissions.

Approximately one week before the hearing date on the summary judgment motion, the borrower filed a motion to strike the mortgagee's answers to the admissions and response to the summary judgment motion on the grounds that they were signed by an attorney who had not filed his own separate notice of appearance. The borrower asserted that in the absence of a separate notice of appearance, that attorney was not attorney of record for the mortgagee, and his filings were no more than legal nullities that should be stricken by the trial court. On the day before the hearing, the borrower also filed an affidavit in which he attested to the truth of the same facts previously asserted to have been conclusively established by the mortgagee's failure to timely respond to the borrower's request for admissions.

Following the summary judgment hearing, the circuit court granted the borrower's motion to strike, and entered a separate order granting the borrower's motion for summary judgment and dismissing the case with prejudice. In granting the borrower's motion to strike, the circuit court concluded that the answers to the admissions and response to the summary judgment motion were nullities because the responding attorney for the law firm was not the attorney of record for the mortgagee. In granting the borrower's summary judgment motion, the circuit court reasoned that, as a result of the mortgagee's failure to respond to the borrower's request for admissions, there were no genuine issues of material fact as to lack of standing to foreclose at the inception of this case.

### *Analysis*

On appeal, the mortgagee argues the circuit court erred in striking its responses and entering summary judgment. We agree.

While a circuit court's ruling on a summary judgment motion is subject to a de novo review, *State Farm Florida Ins. Co. v. Lime Bay Condo., Inc.*, 187 So. 3d 932, 934 (Fla. 4th DCA 2016), a circuit court's ruling on a motion to strike discovery answers is reviewed for an abuse of discretion. *Thomas v. Thomas*, 589 So. 2d 944, 946 (Fla. 1st DCA 1991).

We are unable to locate any Florida appellate case that has upheld the striking of a party's discovery answers because they were filed by a different attorney from the same appearing law firm. In *U.S. Bank Nat'l Ass'n v. Bell*, 277 So. 3d 633, 635 (Fla. 5th DCA 2019), our sister court concluded that a circuit court abused its discretion in determining that a

law firm's notice of appearance as co-counsel for the bank in a foreclosure action was not sufficient to make it "counsel of record" for the bank in the absence of the withdrawal of prior counsel or an order of substitution of counsel pursuant to Florida Rule of Judicial Administration 2.505(e). *Id.* at 635. Although *Bell* did not address the issue of whether each member of a law firm must file their own separate appearances, it treated the notice of appearance as being that of the law firm as proper counsel of record. *Id.*

Here, the circuit court relied upon Florida Rule of Judicial Administration 2.515(a)(4), which provides the court with authority to strike any court document that is "not signed or is signed with intent to defeat the purpose of this rule." Fla. R. Jud. Admin. 2.515(a)(4). This rule provides that a "document of a party represented by an attorney" need only be "signed by at least 1 attorney of record" to certify that: "(1) the attorney has read the document; (2) to the best of the attorney's knowledge, information, and belief there is good ground to support the document; (3) the document is not interposed for delay; and (4) the document contains no confidential or sensitive information . . . ." Fla. R. Jud. Admin. 2.515(a)(1)–(4).

The record below does not reflect that the circuit court issued an order to show cause or held an evidentiary hearing to determine if the answers to the admissions and response to the summary judgment motion were "signed with the intent to defeat the purpose of the rule." The text of rule 2.514(a)(1)–(4) required the circuit court to determine the intent of the signer to defeat sub-sections (1) through (4) before it could strike the signed filings. At a minimum, this would have required an evidentiary hearing or consideration of some evidence as to the intent of the signing attorney. Thus, we conclude that the circuit court erred in striking the filed answers to the request for admissions and response to the borrower's summary judgment motion.

Moreover, the circuit court's error in striking the mortgagee's filings led the court into also erroneously concluding that there were no triable issues of fact on the question of standing to foreclose on the mortgage at the time the action commenced. "A crucial element in any mortgage foreclosure proceeding is that the party seeking foreclosure must demonstrate that it has standing to foreclose." *McLean v. JP Morgan Chase Bank Nat'l Ass'n*, 79 So. 3d 170, 173 (Fla. 4th DCA 2012). A plaintiff's status as the holder of the original promissory note secured by the mortgage establishes the plaintiff's standing to foreclose on the mortgage, regardless of any subsequently recorded assignments. *McLean*, 79 So. 3d at 173 (citing *Harvey v. Deutsche Bank Nat'l Trust Co.*, 69 So. 3d 300, 304 (Fla. 4th DCA

2011)). If a note does not name a mortgagee as the payee, the note must bear a special indorsement in favor of the mortgagee or a blank indorsement. *Id.* (citing *Servedio v. U.S. Bank Nat'l Ass'n*, 46 So. 3d 1105, 1106-07 (Fla. 4th DCA 2010), and *Riggs v. Aurora Loan Servs., LLC*, 36 So. 3d 932, 933 (Fla. 4th DCA 2010)). Undoubtedly, a mortgagee who is not the original lender may establish its standing to foreclose with proof that its predecessor was in possession of the original note with a blank indorsement when it filed the foreclosure complaint. *Kenney v. HSBC Bank USA, Nat'l Ass'n*, 175 So. 3d 377, 379 (Fla. 4th DCA 2015).

Thus, even if the mortgagee had not timely responded to the admissions and the summary judgment motion, the verified allegations contained in the initial complaint, and included in its amendments, together with the sworn certification of possession of the promissory note and the attached copy of the original promissory note indorsed in blank, were enough to contradict the technical admissions and create a genuine issue of material fact on the question of standing, precluding summary judgment as a matter of law. *See PennyMac Corp. v. Labeau*, 180 So. 3d 1216, 1219 (Fla. 3d DCA 2015) ("[T]he allegations contained in the complaint, together with the attachments to the complaint, contradict the technical admissions and provide ample evidence that [mortgagee] had standing."); *Wells Fargo Bank, N.A. v. Donaldson*, 165 So. 3d 40, 42 (Fla. 3d DCA 2015) (mortgagee's failure to timely respond to mortgagor's request for admissions on standing did not support involuntary dismissal of mortgagee's foreclosure action where the allegations contained in the verified complaint and the attached copy of the note indorsed in blank "contradicted the technical admissions").

We reached the same conclusion in *Sterling v. City of West Palm Beach*, 595 So. 2d 284 (Fla. 4th DCA 1992), where it was argued in an insurance claim that the insured had admitted the sustained losses were caused by non-covered water damage when she failed to respond to the insurance company's request for admissions. *Id.* at 285. We held in *Sterling* "that the trial court should not have used the technically deemed admission to support a final summary judgment. . . . because the record was replete with evidence to the contrary of the supposed admission." *Id.* (citing *Sher v. Liberty Mut. Ins. Co.*, 557 So. 2d 638 (Fla. 3d DCA 1990)).

### *Conclusion*

From this case's inception, the verified complaint and sworn certification, together with the attached copy of the original promissory note indorsed in blank, created genuine issues of material fact precluding summary judgment against the mortgagee on the issue of standing despite

the subsequent technical admissions. This is true notwithstanding the contrary assertions of fact set forth in the borrower's affidavit, which was untimely filed on the eve of the summary judgment hearing.[2]

Accordingly, we reverse the order of dismissal with prejudice, which was predicated on the circuit court's erroneous grant of summary judgment in the borrower's favor, and remand this case for further proceedings consistent with this opinion.

*Reversed and Remanded.*

CIKLIN, J., concurs.
GROSS, J., concurs specially with opinion.

GROSS, J., specially concurring.

I concur in the reversal of the order of dismissal.

The trial judge should not have stricken the lender's response to the borrower's request for admissions. The court did so because the attorney who filed the response had not filed his own notice of appearance in the case. He did not need to do so because he was part of the same firm that had already filed its notice of appearance through a different attorney.

Once a law firm has appeared in a case pursuant to Florida Rule of Judicial Administration 2.505(e), there is no requirement that other members of the law firm file a separate notice of appearance each time a different lawyer files a pleading or document in the case. This situation is not specified in Rule 2.505(e). In a civil case, except as provided in Rule 2.505(e), a notice of appearance is no longer a part of Florida law. *See Picchi v. Barnett Bank of S. Fla., N.A.*, 521 So. 2d 1090, 1091 (Fla. 1988). Not requiring separate notices of appearance under these circumstances makes sense, because "a firm of lawyers is essentially 1 lawyer for purposes of the rules governing loyalty to the client" and pleadings filed by one lawyer in a case may be ascribed to the entire firm. R. Regulating Fla. Bar 4-1.10 cmt.

\*        \*        \*

**Not final until disposition of timely filed motion for rehearing.**

---

[2] *See* Fla. R. Civ. P. 1.510(c) (providing that all evidence upon which a summary judgment movant relies must be served "at least 20 days before the time fixed for the hearing").