WARNER, J.
This is the eleventh appellate proceeding connected with a foreclosure of certain real *364 property in Broward County. The order appealed is an order of contempt for the violation of prior court orders. The contempt order commands appellant to pay certain sums of money to the receiver of the property within sixty days, or else the court would impose further sanctions. The court also imposed attorney’s fees and, for the third or fourth time, ordered an accounting of rental proceeds from the property. We affirm in all respects.
The tangled history of this case begins in 1989 when Royal Rehab Corporation executed a note and mortgage on rental property to appellee TFB Properties, Inc. (“TFB”). An Assignment of Rents was also executed and recorded. In 1992, appellants Paul and Edgar Elie (“the Elies”) obtained a judgment against Royal Rehab Corporation and others which became a lien against the rental property. Appellant Leshin represented the Elies in this matter. TFB filed a foreclosure action on the property to protect its interest soon after the Elies filed a writ of execution on the judgment with the Sheriff. The Elies were named as defendants. During the pendency of the foreclosure, the Sheriff sold the property, pursuant to the writ of execution, to the Elies for $1,000.
Immediately after the sale, and to protect its position with respect to the rents, TFB sought and obtained an order reaffirming the validity of the Assignment of Rents. The order directed that all rents from the property were to be deposited into the court registry. Within days after that order was entered, unbeknownst to TFB, the Elies transferred their interest in the properties to American Redemption Corporation (“ARC”), of which they were the officers. Leshin continued to serve as their attorney in these transactions, as well as the registered agent for ARC.
In order to save the clerk’s fee for payments into the court’s registry, the parties agreed to deposit the rental payments into Leshin’s accounts. The agreed order stated, “[t]he rents referenced in the order of May 10, 1993, on TFB’s motion for reaffirmation of assignment of rents shall be paid to Randall L. Leshin, Esquire, to be handled as set forth below.” The agreed order provided that money could be withdrawn with joint signatures of Leshin and TFB’s counsel and that Leshin would provide TFB’s counsel with a list of all rental payments. Apparently, TFB’s counsel failed to insist on compliance with this last provision.
The rents paid by those who were tenants at the time the court ordered rental payments into the court registry were properly paid into the joint account. However, as those tenants left and new tenants arrived, the new tenants’ rental payments were deposited elsewhere, without TFB’s knowledge. All of the original tenants eventually left, and the joint account was depleted by payment of property expenses.
Several appeals and other proceedings intervened. One appeal arose from the November 24, 1993, final summary judgment of foreclosure and the court’s orders on the assignment of rents. On appeal, the Elies argued that once they took title to the land through the sheriffs sale, they, and not Royal or TFB, were then entitled to the rents. In this court’s March 22, 1995, opinion, we affirmed the trial court’s rulings to the contrary on the assignment of rents. Elie v. TFB Props., Inc., 652 So.2d 1193, 1194 (Fla. 4th DCA 1995).
In December of 1994, TFB discovered that the joint account had a balance of only $125. It moved for an accounting, which the court granted. TFB also requested and received the appointment of a receiver who was supposed to then collect the rents and manage the property.
These orders were appealed, delaying further trial proceedings. Nearly two years later, TFB again moved for enforce *365 ment of the order for accounting and for other sanctions. After a hearing on the motion, the court entered its January 31, 1997, order requiring the Elies, ARC, and Leshin to produce an accounting of the property’s rental proceeds and other funds from May 1993. The court deferred ruling on sanctions and referred the matter to the State Attorney for investigation of possible criminal conduct. There were a variety of hearings and motions on this issue. Ultimately, the state did not proceed with any prosecution.
The trial court then conducted a four day evidentiary hearing on the motion for enforcement and sanctions. It found Edgar Elie (“Edgar”) and attorney Leshin to be in civil contempt for willfully violating the court’s orders entered in 1993, 1995, and 1997, requiring collection of all rents, payment of expenses for the benefit of the property, and an accounting of the rental proceeds collected. The court ordered Leshin and Edgar to pay specific sums to the receiver within sixty days (some obligations were individual to Edgar, the remaining were jointly and severally attributed to Edgar and Leshin). If Leshin and Edgar failed to make those payments, the court would impose further sanctions “including a fine equal to each one’s ability to pay,” and the striking of pleadings. The court also ordered them to pay TFB’s attorney’s fees. It further ordered an accounting of the proceeds received from the properties and disbursed by them. This order is the one appealed.
Both Edgar and Leshin raise multiple issues, which we find meritless. They both claim that the orders which they were found to have violated are vague. “Rents” they say, could be interpreted as being only the rents from rental agreements signed by Royal Rehab and assigned to TFB. The order, however, says all rents will be deposited with the court and later with Leshin. The order is not vague, and the trial court found that all parties had full knowledge of the orders, particularly with respect to the collection of rents. While Edgar argues that he cannot be in contempt of the May 1993 order, because it was rescinded, we disagree. If rental payments were not deposited with the court between May 1993 and June 1993 (when Leshin was to take over deposits), that would be a violation of the order. This was a matter of evidence, and the court found against Edgar on this issue. However, even if the May 1993 order was erroneously included, it is harmless.
Edgar’s second argument is that he cannot be held in contempt for what ARC did in receiving the rents and spending the money. However, the trial court found that all of the parties had full knowledge of the previous court orders, particularly with regard to the collection of rents. The evidence before the trial court showed that ARC was controlled by the Elies, and represented by Leshin, and rents from the property in the form of checks made out to “cash” were endorsed by Edgar and Leshin and were not deposited in the joint account. Further, the testimony showed that rental proceeds were diverted by Edgar and Leshin for their own benefit. Finally, the court found the majority of Edgar’s self-serving testimony was not credible.
Both Leshin and Edgar argue that the sanctions were not civil but were punitive criminal fines. We disagree. This is clearly an order of civil contempt requiring Leshin and Edgar to return to the receiver those rental monies which they wrongfully and intentionally diverted for their own benefit, and for which there was plenty of evidence of actual loss. See Parisi v. Broward County, 769 So.2d 359, 364-65 (Fla. 2000) (distinguishing criminal and civil contempt). The payment of those amounts constitutes compliance with the prior order of the court, much like a court’s order *366 requiring a delinquent parent to pay prior ordered child support.
Finally, Edgar argues that the court never found an ability to pay the fines. Because the amount of money ordered to be paid was compensatory and not criminal, a finding of ability to pay at this point is unnecessary because no sanction has actually been imposed. See Amendments to Fla. Family Law Rules of Procedure, 723 So.2d 208, 213 (Fla.1998). This is not a flat, unconditional fine which the contemnor has no subsequent opportunity to reduce through compliance. See Parisi, 769 So.2d at 365 (quoting Int’l Union, United Mine Workers of Am. v. Bagwell, 512 U.S. 821, 829, 114 S.Ct. 2552, 129 L.Ed.2d 642 (1994)). The trial court specifically found that before a sanction fine would be levied against either Leshin or Edgar, their ability to pay would be considered.
Leshin makes the additional argument that he cannot be held in contempt because he was not a party to these proceedings. While he is not a party to the entire proceedings, he made himself subject to the court’s orders when he agreed to receive and disburse the rental payments. He had specific duties regarding those orders, and the trial court found that he willfully failed to comply with them. Thus, for the purposes of those orders and his duties thereunder, he voluntarily submitted himself to the court’s jurisdiction. Cf. Channell v. Applied Research, Inc., 472 So.2d 1260, 1263 (Fla. 4th DCA 1985).
For the foregoing reasons, and as to all other issues not specifically addressed, we affirm the trial court’s order in its entirety.
POLEN, C.J., and SHAHOOD, J., concur.